GEORGE MORGAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon January 24, 1891.*

| 136 | 161 |
| 183 | 148 |

136      161
202     ¹299

1. TRIAL BY JURY—*waiver—in criminal case.* Consent of a defendant in an indictment for a felony, on a plea of not guilty, can not confer jurisdiction upon the judge of the court to try the issue of fact, or dispense with the necessity of a finding of the fact of guilt by a jury.

2. A judgment of the trial court sentencing a defendant to the penitentiary on an indictment for a felony, based on the finding of the judge, is erroneous, and will be reversed, although a trial is had by the court without a jury, by the defendant's consent.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. C. C. BOGGS, Judge, presiding.

Mr. ALBERT WATSON, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Plaintiff in error was indicted in the circuit court of Jefferson county for the crime of an assault with intent to murder one George B. Welborn. On being furnished with a copy of the indictment, etc., the record shows that arraignment was waived by the defendant, and a formal plea of not guilty entered. Thereupon, as the record further shows, the cause was by consent submitted to the court for trial. There is no formal waiver of a jury, but the record leaves no doubt that a jury was waived, and that the cause was tried by the court without the intervention of a jury. After the recital showing that the defendant, for trial, "submits this cause to the court for hearing, and the People doth likewise agree thereto," the record proceeds: "And now the court hears all the testimony

11—136 ILL.

of the witnesses introduced and sworn by the respective parties, and the argument of counsel, and the court having duly considered the same, and being sufficiently advised, is of opinion and finds the defendant guilty in manner and form as charged in the indictment herein," and "the court" then pronounces judgment, and sentences the defendant to confinement in the penitentiary for six years, one day whereof shall be in solitary confinement and the residue at hard labor.

The defendant submits the cause to "the court" for trial, and the People agree thereto; "the court" hears the evidence, and "the court" having considered the same, is of opinion the defendant is guilty, and it is ordered and adjudged by "the court" that he be confined in the penitentiary. There is no room for indulging the presumption, suggested by counsel for the People, that the submission was to a court properly organized, and consisting of a jury and "the court." The record affirmatively shows, as we think, that plaintiff in error was tried for and convicted of a felony, upon his plea of not guilty, by the judge sitting as a jury. Consent of the defendant in an indictment for a felony can not confer jurisdiction upon the judge, or dispense with a finding of the fact of guilt by a jury. This precise question was before us in *Harris* v. *People*, 128 Ill. 585, where the same was fully considered and the authorities reviewed. We do not deem a re-discussion of the question necessary in this case.

The judgment of the circuit court, based upon the finding of the judge, was erroneous, and is reversed, and the cause remanded to the circuit court of Jefferson county for trial.

*Judgment reversed.*