## Ex Parte STEINMETZ

Ohio Appeals, 5th Dist, Fairfield Co
No 149, Decided June, 1930

R. S. Cunningham, Lancaster, for State.

E. O. Ricketts, Columbus, for Steinmetz.

LEMERT, J.

This brings us to a consideration of the precise point of distinction between the Common Law jurisdiction over crimes and the Constitutional and Statutory jurisdiction of our State. The Constitution creates judicial power but does not prescribe any jurisdiction in criminal matters. There can be no judicial power without jurisdiction. If the jurisdiction prescribed by Statute excludes all judicial power exercised by the Judiciary in criminal cases, then the question arises, how can any inherent power be exercised in disregard to statutory penalty and regulations concerning the assessment thereof.

**Article IV, Section 1,** of the **Constitution,** places judicial power in the several courts, embracing the Court of Common Pleas, the one possessing original jurisdiction in criminal cases.

**Article IV, Section 4,** of that instrument, also provides that the jurisdiction of the Court of Common Pleas and of the Judges thereof shall be fixed by law. No jurisdiction is conferred on the Common Pleas Court by the Constitution in criminal cases and it can exercise none until conferred by law by Statute.

Stevens vs. State, 3 Oh St 453.

Allen vs. Smith, 84 Oh St 283.

Therefore in deciding the question whether the Court in the instant case had inherent power to suspend sentence, the distinction between the judicial power and jurisdiction should be kept in mind. Judicial power of necessity can be exercised within the scope of jurisdiction and not beyond it, and comparison of judicial power as exercised within the scope of statutory

jurisdiction in criminal cases with that exercised in civil cases will fairly illustrate the distinction sought here to be made. It will show how such power in civil matters is exercised according to the course of Common Law; whereas, in criminal cases it is to be exercised without regard to the Common Law, but strictly in accord with the provisions of the Statutes. Having no judicial power in the latter class of cases except as derived by Statutes, courts can not exercise any power derived from any other source. Common Law crimes and procedure have been abrogated, which takes away all judicial power heretofore existing by Common Law not specially provided for by Statute. Judicial power in civil cases is largely dependent upon the Common Law, while in criminal cases it is not governed by the Common Law at all.

It might be further said that whatever the Common Law practice might have been, the Legislature of our State has adopted a different method to give persons convicted of crimes the opportunity to reform, by providing a system of parole and Boards to administer the same. In view of the express policy of the legislation of this State we are inclined to hold that the trial courts do not have the power to suspend the imposition of sentence indefinitely after conviction or to release the prisoner. In such case, where the Court having suspended sentence and having completed its judicial functions, it has voluntarily surrendered all further control over the case and the person.

We do not believe that after sentence has been pronounced in a criminal case the Court can, as a matter of leniency to the defendant, suspend indefinitely its execution. In the absence of a permissive Statute the indefinite postponment of sentence upon one convicted of crime deprives the Court of jurisdiction to pronounce sentence at a subsequent term and is in effect a discharge of the prisoner, or, in other words, an indefinite suspension of a sentence on conditions is, in practical effect, a conditional pardon. If such power can be exercised by a Judge it incorporates into our administration of the criminal law the "Ticket of Leave" system of English procedure, without its surveillance and checks, and places the criminal at the caprice of a Judge, subject to be called up for sentence at any time. If the Judge can delay sentence beyond one term of court, or for one year, he then no doubt would have the power to extend it for fifteen years or even for life.

A case well in point, as we view it, for a proper decision of the instant case, is a case to be found in 202 Illinois, 287, wherein it is held that jurisdiction to impose the sentence upon one convicted of crime is lost by permitting him to go at large upon his own recognizance and taking no further action in the case until after the expiration of several terms of court. It was held in this case that a trial court has no jurisdiction indefinitely to suspend sentence after conviction of crime or to release the prisoner on parole when the Legislature has adopted a plan to give persons convicted of crimes an opportunity to reform, by providing a system of parole and Boards to administer it.

Another important case along the line as to whether or not the Court has inherent power to suspend execution of sentence upon consideration wholly extraneous to the legality of the conviction was decided by the Supreme Court of the United States, 242 U. S., 27, wherein the Court held that the Federal and District Court exceeded its power by ordering that the execution of the sentence to imprisonment imposed by it upon a plea of guilty be suspended indefinitely during good behaviour, upon consideration wholly extraneous to the legality of the conviction.

It is also urged in this case that the sentence and suspension thereof was at the instance and request of the Petitioner, and it is argued that he ought not to be heard to complain now. We do not believe that the doctrine of estoppel has any application here, nor can it be held that the Petitioner could waive any requirement respecting the jurisdiction of the Court to enter judgment and pronounce sentence. If the Court had no power thus to suspend sentence and to permit the relator to go at large upon his own recognizance or upon parole, such power could not be conferred by his consent, nor by his express request.

128 Ill., 585; 21 N. E., 563;

136 Ill., 161; 26 N. E., 651.

We therefore find and hold that the Petitioner's prayer for a Writ of Habeas Corpus is well taken and the same is hereby ordered to be issued and the prisoner is hereby ordered discharged.

Sherick, J, concurs.

Houck, J, not participating.