## SHONDELL v BRADLEY, Etc.

·Ohio Appeals, 6th Dist, Lucas Co
No. 2311. Decided April 6, 1931

E. J. Lynch, Toledo, for Shondell.
D. F. Smith, Toledo, for Bradley.

WILLIAMS, J.

It has been held in this state that the trial court has no inherent power to suspend the exeuution of sentence after conviction in a criminal case except to stay sentence for a reasonable time to permit review on error. **Madjorous v State, 113 Oh St, 427.**

Sec 13711 to §13714, GC, inclusive, provided for suspending a sentence and placing the person sentenced on probation in misdemeanors and for the revocation and termination of the order of probation. These sections were construed in the case of **In re Nunley, 102 Oh St, 332.** These sections, however, were repealed July 1, 1929. §13460-1 GC. Sec 2210, §2211, §2213 and §2214, GC,

inclusive, provided for probation after sentence in felony cases. Those sections were repealed July 21, 1925.

The statutes in force at the time of the indictment and sentence of the plaintiff in error provided for probation before sentence. §13452-1, et seq, GC. At the time of his indictment and sentence, there was no statute in this state which provided for the suspension of sentence after imposition, except for purposes of review on error. §13433-1, et seq., GC. As the court imposing sentence had no inherent power to suspend a sentence which had been imposed, and the statutes of Ohio in force at the time of indictment and sentence make no provision for suspension of sentence after imposition, except pending error proceedings, the order suspending sentence upon condition that he pay the fine within twenty-four hours and absent himself from the Village of Napoleon for five years, was absolutely void.

The sole question presented is whether the Common Pleas Court of Henry County had power, after the period of sentence had elapsed, to set aside the suspension of sentence and carry the sentence as to imprisonment into execution. While there are decisions to the contrary, we think that according to the great weight of authority, a void order suspending execution of a sentence previously passed does not prevent the court from carrying the sentence into execution.

State ex rel Tingstad v Sterwich, 119 Wash., 561; 206 Pac. 209; 26 A. L. R., 393;

Spencer v State, 125 Tenn., 64; 140 S.W., 597; 38 L. R. A., N.S., 680;

State v Abbott, 87 S. C., 466; 70 S.E., 6; Anno. Cases, 1912-B, 1189; 33 L. R. A., N.S., 112;

Fuller v State, 100 Miss., 811; 57 So., 806; Anno. Cases, 1914-A, 98; 39 L. R. A., N.S., 242;

Re Hinson, 156 N. C., 250; 72 S.E., 310; 36 L. R. A., N. S., 352;

Neal v State, 104 Ga., 609; 30 S.E., 858; 69 A. L. R., 175; 42 L. R. A., 190;

State v Drew, 75 N. H., 402;

Egbert v Taner, 191, Ind., 547; 134 N.E., 199;

Ex Parte U. S., 242 U. S., 27;

Miller v Evans, 115 Iowa, 101; 56 L. R. A., 101; 91 Am. St. Rep., 143; 88 N.W., 198.

The authorities sustaining the contention of plaintiff in error are collected in 8 R. C. L., 256.

In the case of ex parte U. S., supra, which was commented upon in Madijorous v State, supra, the Supreme Court of the United States held the suspension of sentence ultra vires and void and issues a writ of mandamus requiring the trial judge to set aside an order suspending the execution of the sentence imposed. It is true that the court did not direct that the sentence be carried into execution, but it is plain that that result was intended from the language of the court on the last two pages of the opinion.

For the reasons given the court below did not err in sustaining the demurrer. The judgment will therefore be affirmed.

As we find that the judgment of this court is in conflict with the judgment pronounced upon the same question by another Court of Appeals in this state in ex parte Steinmetz, 35 Oh Ap, 491, the record in this case is certified to the Supreme Court for review and final determination.

LLOYD and RICHARDS, JJ, concur.