The State of Ohio, Appellee, *v.* Preston, Appellant.

(No. 3973—Decided June 7, 1943.)

*Mr. Joel S. Rhinefort,* prosecuting attorney, and *Mrs. Geraldine Macelwane,* for appellee.

*Mr. Frank J. McManus,* for appellant.

LLOYD, J.  The defendant Preston is the father of two minor children, the custody of whom was awarded by the Court of Common Pleas of Wood county to Mrs. Preston in an action wherein a divorce was granted to her.  Thereafter they became residents of Lucas county where, on November 7, 1935, an indictment was returned against Preston for nonsupport of the children. It seems that nothing was done on the indictment until April 5, 1937, when Preston, waiving the reading of the indictment, pleaded guilty and was sentenced to twelve months in the workhouse.  The sentence was suspended on condition that he comply with the order of the Court of Common Pleas of Wood county as to the support of the children, and has not been invoked, and Preston has not served any part thereof.  On May 5, 1940, Preston was again hailed into court and released on the giving of a maintenance bond.  This bond, dated May 6, 1940, was filed in the cause.  It was executed by Preston and J. F. Hauser.  It is in the sum of $500 and was given to secure the payment to the Toledo Humane Society of $6 per week for the support of the minor children.

Mrs. Preston died on December 12, 1941, and thereafter the children resided with the maternal grandparents, to whom on December 23, 1942, the custody of the children was given by the Juvenile Court of Lucas county.

The action resulting in the judgment from which this appeal is taken, was brought on the bond.  A jury was waived and the cause tried by the court.  The find-

ing and judgment were in favor of the state in the sum of $371.18. Preston appeals. Hauser does not.

Preston claims that the judgment is erroneous because the bond was for the securing of the support of the children while in the custody of the mother and was not to secure payment to the grandparents of any part of the sum awarded by the court for the support of the children. This contention is not tenable. The weekly payments were to be made to the Toledo Humane Society for the support of the children, and there is no claim that any of them was diverted to any use other than its intended purpose.

The other claim made is that the sentence imposed on Preston having been suspended and the term of the sentence having expired, the bond has become unenforceable. A court has no power to suspend this sentence. The order of suspension is void and does not prevent the court from carrying the sentence into execution. *Shondell* v. *Bradley, Supt. of Toledo Workhouse,* 42 Ohio App., 8, 181 N. E., 559. The bond, therefore, is in force and effect for the purposes for which given.

No error appearing in the record prejudicial to Preston, the judgment is affirmed.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.