Taft, J.
The judgment of the Court of Appeals was based upon the conclusion that the Common Pleas Court had en *315 deavored to do what it was not authorized to do, i. e., to suspend a sentence after it had been imposed and thereupon to place the defendant on probation. See State v. Preston, 74 Ohio App., 318, 58 N. E. (2d), 694 Cf. Section 13451-86, General Code (now Section 2947.13, Revised Code), relative to misdemeanors. However, in our opinion, the Common Pleas Court by what it said necessarily expressed an intention (a) to impose a sentence on defendant by way of a fine for $1,000 and (b) to suspend imposition of a sentence as to imprisonment and place defendant on probation in the manner provided by law.
Section 12423-1, General Code (now Section 2903.01, Revised Code), expressly recognizes the authority of the court (a) to fine or (b) to imprison or (c) to fine and imprison in its discretion. A technical interpretation of Section 13452-1, General Code (now Section 2951.02, Revised Code), might lead to the conclusion that only imposition of “the sentence” could be suspended so that the Common Pleas Court would be required to suspend the imposition of all or none of any sentence to be imposed on a conviction under a statute such as Section 12423-1, General Code. However, Section 13452-1, General Code, authorizes suspension of imposition of the sentence and placing the defendant “on probation in the manner provided by law, and upon such terms and conditions as such judge * * * may determine.” We believe these latter words sufficiently expand the authority granted so as to indicate that the General Assembly must have intended by what it said to authorize the court, in an instance such as this where the punishment that may be imposed can consist of a fine and imprisonment, to impose sentence as to the fine and suspend imposition of sentence as to imprisonment and place the defendant on probation.
It follows that the judgment of the Court of Appeals must be reversed and the cause is remanded to the Court of Appeals for consideration of errors assigned in and not passed upon by that court.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman, Stewart and Bell, JJ., concur.
Matthias, J,, dissents.