THE STATE OF OHIO, APPELLANT, *v.* KRAGULJAC, A.K.A. MILO, APPELLEE.

(No. 4263—Decided
April 6, 1988.)

*Gregory A. White,* prosecuting attorney, for appellant.
*William P. Lang,* for appellee.

GEORGE, J. On September 8, 1987, Milan Kraguljac, defendant-appellee, a national of Yugoslavia, appeared in the common pleas court with his counsel. At that time, he withdrew his former plea of not guilty and entered a plea of guilty to the offense of aggravated trafficking in drugs, a violation of R.C. 2925.03(A)(1), which is classified as a felony of the second degree. The trial court accepted the plea and sentenced the defendant, imposing a five-to-fifteen-year term of incarceration in the Ohio State Reformatory and a fine of $2,500 mandated by R.C. 2925.03 (H).

During the sentencing hearing the following colloquy appears:

"Now, the Court stays the execution or the imposition of the sentence is suspended, which means that you are not going to prison immediately. That means that if you are not deported on Thursday, you will be brought back to Lorain County, you will then be taken to the Ohio State Reformatory and commence serving the five to fifteen years."

The prosecutor objected to the suspension of the sentence on the basis that the defendant pleaded to a crime, was sentenced and not granted probation, and should be punished in accordance with law. The trial court indicated that it would be "a lot cheaper for the citizens to have this gentleman go back and let the Yugoslav authorities do whatever they want rather than

[for] us to keep him for five to fifteen years."

The trial court's entry of sentence ordered that the execution of the defendant's sentence be suspended, stating in its entry:

"* * * [E]xecution of sentence suspended pending deportation proceedings. If defendant is not deported within a reasonable time the sentence will be executed."

The state then filed a written motion requesting the court to order the sentence to be executed. The state grounded its motion on the lack of authority, either by statute or rules, both criminal and appellate, which would permit the suspension of execution of the sentence in this manner. This motion was not ruled upon and the prosecutor sought and was granted leave to appeal. App. R. 4(B) and (5) and R.C. 2945.67.

Authority to stay the execution of a sentence once imposed is as set forth in R.C. 2949.02 and 2949.03, unless parole is granted (R.C. 2967.13 or 2967.31), or the trial court grants probation (R.C. 2951.02 or 2947.061). The R.C. Chapter 2949 sections deal with stays of execution of sentence when the defendant perfects an appeal from his conviction.

However, where the defendant fails to perfect an appeal from his conviction, R.C. 2949.05 provides that the trial court "shall carry into execution the sentence or judgment which had been pronounced against the defendant." Thus, absent an appeal on behalf of the defendant, there is no authority by which the trial court may suspend the execution of a sentence, *State* v. *Parks* (1941), 67 Ohio App. 96, 21 O.O. 120, 36 N.E. 2d 42, except upon the granting of probation or parole.

For the foregoing reasons, the entry of sentence is modified to delete the offending language which orders the

suspension of the execution of the defendant's sentence. The conviction is affirmed in all other respects.

*Judgment accordingly.*

BAIRD, P.J., and CACIOPPO, J., concur.