The STATE of Ohio, Appellee,

v.

SANDERS, Appellant.

[Cite as *State v. Sanders* (1992), 78 Ohio App.3d 672.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910110.

Decided March 11, 1992.

*Richard A. Castellini,* City Solicitor, and *John J. Williams,* for appellee.
*Hal R. Arenstein,* for appellant.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the briefs and the arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar.

Defendant-appellant Archie Sanders was found guilty of receiving stolen property in violation of R.C. 2913.51 on April 16, 1984. Appellant's sentence of one hundred eighty days' incarceration was suspended, and he was placed on probation for two years. The trial court imposed the following two conditions upon appellant's probation: (1) that appellant finish his education and get a high school diploma or "GED"; and (2) that the probation be deemed "violated" if appellant was arrested for any criminal offense during the two-year period.

A probation violation was filed on July 24, 1985. On September 3, 1986, appellant was found guilty of the violation, and the trial court set sentencing for November 20, 1986. On November 20, 1986, appellant's probation was terminated and he was "committed" to serve the one-hundred-eighty-day incarceration that had initially been suspended. The trial court, however, stayed the execution of the sentence until such time as appellant received his GED.

In December 1988, appellant satisfied the trial court that he had obtained his GED. The court, however, chose not to incarcerate appellant, but instead placed him on two years' probation, with the condition that he serve two hundred hours of community service.

On October 31, 1990, a probation violation was filed, and upon finding appellant guilty of the alleged violation, the trial court, on January 17, 1991,

terminated the two-year probation and again committed appellant to serve the one-hundred-eighty-day sentence originally imposed in 1984.

Appellant presents the following two assignments of error for our review:

"(1) The trial court abused its discretion when it improperly believed that it had the appropriate subject matter jurisdiction to violate appellant's probation.

"(2) The trial court abused its discretion when it maintained appellant on probation beyond the statutory limit of five years established in O.R.C. § 2951.07."

■ The first assignment, which essentially alleges that the trial court was without jurisdiction to violate appellant's probation in January 1991, is sustained.

■ R.C. 2949.05 provides that trial courts shall carry into execution the sentences or judgments which have been pronounced against defendants. While a trial court may suspend a sentence pursuant to R.C. 2929.51(D)(2) and 2951.02(A), it is well established that absent an appeal on the behalf of a defendant, a trial court has no authority to stay indefinitely the execution of an imposed sentence except upon the granting of probation or parole. *State v. Kraguljac* (1988), 39 Ohio App.3d 167, 530 N.E.2d 970; *State v. Parks* (1941), 67 Ohio App. 96, 21 O.O. 120, 36 N.E.2d 42.

In the instant action, the trial court, on November 20, 1986, upon finding appellant guilty of violating a condition of his probation, terminated appellant's probation and imposed the previously suspended one-hundred-eighty-day sentence. The record reflects that appellant did not appeal that judgment. Moreover, the trial court did not suspend the sentence and place appellant on probation at the time or "otherwise suspend the sentence," as permitted under the authority of R.C. 2929.51(D) and 2951.02, but rather, as just discussed, "committed" appellant to serve the one-hundred-eighty-day jail term. Accordingly, the trial court was required, pursuant to R.C. 2949.05, to "carry into execution" the sentence it had pronounced, and therefore it had no authority to *sua sponte* stay indefinitely the execution of the sentence until appellant obtained his GED. Thus, the series of stays of execution, which commenced at the time of the November 20, 1986 probation revocation and terminated upon appellant's completion of his GED in 1988, were rendered contrary to law. See *Kraguljac, supra.* It follows, then, that the trial court had no authority to conduct the December 20, 1988 proceedings wherein it imposed the additional two-year term of probation in lieu of execution upon the one hundred eighty-day sentence. Thus, appellant's contention that the trial court lacked jurisdiction in January 1991 to determine that appellant had violated the probation has merit.

The second assignment of error is overruled. In the preceding assignment we concluded that appellant's probation was terminated by the trial court in November 1986, and that since no appeal was taken from that order and the sentence was not suspended pursuant to R.C. 2929.51(D) and 2951.02, the previously suspended sentence should have been executed at that time and not indefinitely stayed. Accordingly, the probationary period did not extend beyond the statutory limit set forth in R.C. 2951.07.

Based upon our disposition of the first assignment of error, the judgment of the trial court is reversed, and the cause is remanded to the trial court to execute the sentence initially imposed in 1984 and ordered executed in 1986 or to take action pursuant to R.C. 2951.02.

*Judgment accordingly.*

SHANNON and KLUSMEIER, JJ., concur.

GORMAN, P.J., concurs in part and dissents in part.

GORMAN, Presiding Judge, concurring in part and dissenting in part.

Although I agree with the majority that the trial court's suspension of the execution of Sanders's commitment for violation of his probation for a two-year period was invalid, I cannot agree that the trial court retains jurisdiction to order execution of Sanders's original sentence on remand if it so chooses. Instead, he should be discharged because the trial court violated R.C. 2951.07, which provides that "[t]he total period of probation shall not exceed five years."

A trial court does not have inherent power to suspend execution of a criminal sentence. Its powers are limited to the authority expressly provided by statute. *State v. Smith* (1989), 42 Ohio St.3d 60, 61, 537 N.E.2d 198, 200; *State v. Meister* (1991), 76 Ohio App.3d 15, 600 N.E.2d 1103. Following imposition of a sentence of confinement, as provided in R.C. 2949.02, suspension of execution of the sentence by the trial court is appropriate solely for the purpose of allowing a defendant a reasonable opportunity to prepare and file an appeal. If no appeal is filed, R.C. 2949.05 provides that the trial court must order execution of the sentence subject to its power to modify under R.C. 2929.51(D).

The majority correctly concludes that the trial court did not have jurisdiction to violate Sanders's probation on January 17, 1991. However, the reason was not because the trial court's termination of Sanders's probation on November 20, 1986, precluded its later order which again placed him on probation in December 1988, but rather because the two years it remained in effect was unreasonable. The result was in reality nothing less than probation. The

trial court required Sanders to obtain his GED and to comply with conditions in the same manner as if he were on probation. The trial court's retention of control over Sanders surely displayed all the badges of probation and manifested the intent to exercise control over him during this period. Accordingly, despite the invalid means used, the two years should be added to the time in which Sanders was subject to the probation ordered by the trial court.

In judicially construing the meaning of R.C. 2951.07, the Ohio Supreme Court reminds judges that interpretation should avoid frustrating its legislative intent. See *In re Townsend* (1990), 51 Ohio St.3d 136, 554 N.E.2d 1336. The intent of R.C. 2951.07 is that a probationer shall upon conviction be answerable for his crimes for no more than five years unless the time is tolled by the probationer's conduct.

Because Sanders's total probation, including the invalid stay of execution, exceeded five years when the violation was filed on October 31, 1990, the trial court did not have jurisdiction of Sanders. See *In re Townsend, supra.* I would reverse and discharge.