OPINION
Appellant Arnetha Jerido is appealing a condition of her sentence that banned her from Stark County. The facts giving rise to this appeal are as follows.
On July 13, 1997, appellant was charged with one count of robbery. On this date, appellant attempted to shoplift $293.52 worth of razor blades from Food 4 Less. On July 21, 1997, appellant appeared, in court, for her preliminary hearing. Following a discussion between the prosecutor and appellant's defense counsel, the State of Ohio moved to amend the charge to one count of misdemeanor theft.
Appellant proceeded to enter a plea of no contest and the trial court found her guilty. The court sentenced appellant to one hundred eighty days in jail, with one hundred forty-two days suspended and eight days credited for time served; $150 fine; and ordered, in the judgment entry of sentencing, that appellant was banned from Stark County. Although appellant is a resident of Cuyahoga County, she has relatives that reside in Stark County.
Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT BANNED THE DEFENDANT-APPELLANT FROM STARK COUNTY FOR LIFE AS A PART OF HER SENTENCE.
 I
Appellant contends, in her sole assignment of error, that the trial court erred when it banned her from Stark County in the judgment entry of sentencing. We agree.
The jurisdiction and power of a trial court must be exercised strictly in accord with the provisions of the statutes. Ex parteSteinmetz (1930), 35 Ohio App. 491, 496. As such, R.C. 2929.21
establishes the penalties for misdemeanor convictions. "The court may only pronounce the judgment provided by law." State v. Bilder
(1987), 39 Ohio App.3d 135, citing Dillon v. State (1883), 38 Ohio St. 586, syllabus.
Since the banishment of a defendant, as part of a sentence in a criminal matter, is not set forth as a permissible penalty under R.C. 2929.21, the trial court erred and exceeded its authority when it banned appellant from Stark County.
Appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby reversed and remanded for resentencing according to law and the above opinion.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Massillon Municipal Court of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.