JOURNAL ENTRY and OPINION
Appellant Rick Gaines appeals the decision of the trial court finding him to be a probation violator and sentencing him accordingly. Gaines assigns the following error for our review:
 I. DEFENDANT-APPELLANT CONTENDS THAT THE TRIAL COURT ERRED IN THE NOTICE SENT TO DEFENDANT-APPELLANT CONCERNING A PROBATION REVIEW HEARING (APPENDIX B), IN WHICH DEFENDANT-APPELLANTS' (sic) PROBATION WAS ESSENTIALLY REVOKED, IN VIOLATION OF CRIM.R. 32.3(A), GAGNON v. SCARPELLI 411 U.S. 778, 93 S.CT. 1756, 36 L.ED.2d 656, 71 O.O.2d 279 (1973) AND SECTION 10, ARTICLE I, OHIO CONSTITUTION WHICH GUARANTEE THE PROBATIONERS [sic] RIGHT TO BE INFORMED OF THE VIOLATION THROUGH A BRIEF STATEMENT OF THE ESSENTIAL FACTS, REQUIRE DEFENDANT-APPELLANT TO BE APPRISED IN WRITING OF GROUNDS ON WHICH ACTION IS PROPOSED TO REVOKE PROBATION AT SAID PROBATION REVIEW HEARING, REQUIRE DEFENDANT-APPELLANT TO RECEIVE A STATEMENT OF EVIDENCE AND OPPORTUNITY TO CROSS EXAMINE WITNESSES.
Having reviewed the record and the legal arguments of the parties, we reverse and vacate the trial court's deferred sentence of Gaines to five (5) days in jail because that sentence is illegal. A trial court may not defer a part of a sentence without first placing the offender on probation. The trial court's sentencing Gaines to twenty-five days in jail and probation is unaffected by this opinion.
The City of Bay Village charged Rick B. Gaines with criminal damaging, criminal trespass, and resisting arrest in connection with a complaint from a neighbor that Gaines had broken a post light on the neighbor's property. At the trial, Gaines pleaded no contest to both criminal damaging and trespass, and the trial court sentenced him to thirty (30) days in jail, and a $250 fine.
The trial court's journal entry Exhibit B detailed the following information: stamped date May 6, 1998; no contest with stipulated finding of guilty; thirty (30) days in jail with twenty-five (25) days suspended conditioned on probation; three (3) years active probation; which may be converted to inactive at probation officer's discretion and may be term if defendant moves except for term #4; the conditional probation terms followed (1) good behavior, (2) report to probation officer as directed, and follow all her recommendations; (3) pay fine and costs as ordered `today' and, (4) other `no contact including by phone, mail or in person with Woods and Cahills and surrounding neighbors, not to come on their property for any reason.' The entry also had the following ES as to jail 5-6-99 8:00 a.m.
The remaining five day sentence did not take effect on May 6, 1998. From what we glean from the record, the trial court stayed the five day jail sentence until May 6, 1999, but did not indicate the stay by way of a journal entry or order.
The trial court ordered Gaines to court on May 5, 1999, and termed the hearing a probation review. After the hearing, the court issued the following order:
 Defendant in court with counsel, and probation officer in court. Also in court were defendant's neighbors who presented victim impact statement. The purpose of this hearing was to review the commit date of 5-6-99 at 8:00 am, which was imposed at original sentencing and any motion to mitigate said commit if defendant had moved from the premises from which his criminal conduct had emanated, and had complied with all terms of probation. No written motion to mitigate the sentence was filed. However, counsel orally requested mitigation and/or contested that 5 days in jail had been imposed. Indeed a review of the courts [sic] journal entry (Exhibit A attached) issued and journalized 5-6-98 shows defendant was sentenced to serve 5 days in jail commencing 5-6-99 8:00 am. Any motion to mitigate that sentence is denied based upon the report of the probation officer presented herein and the statements of Becky Olson and Mrs. Woods that defendant has made no effort to move from the premises.
 Therefore the court finds there is no basis for mitigation of the sentence. Further purpose of the probation review was to examine defendant's compliance with specific probation terms specifically the following:
 1) term #4 required that defendant have no contact by phone, mail or in person with the Woods, Cahills, and surrounding neighbors and not to come on the property for any reason.
 2) defendant is required to follow all recommendations of probation officer.
 Further, the court indicated that probation would be terminated early, except for term 4, if defendant moved from the property.
 Based upon statements received at this hearing, the court finds there is a basis for probation officer to issue a probation violation complaint. The court understands said probation violation complaint is to be issued forthwith. Defendant is to report 5-6-99 at 9:00 am to visitation center, Cuyahoga County Jail for a 5 day commit.
E.S. to jail 5-6-99 at 9:-00 am. Gaines posted an appeal bond and was released May 7, 1999.
No record of this case exists. However, we do have an App.R. 9(C) statement signed by the trial judge.
The court's App.R. 9(C) statement revealed that Gaines was ordered in court on May 5, 1999, to review the jail commitment order due into execution for May 6, 1999, at 8:00 a.m. The record shows the review procedure was designed to determine whether Gaines had moved from his home.
The trial court in its App.R. 9(C) statement indicates that the court deferred the execution of the five (5) day jail commit and indicated that if Gaines moved, the court would entertain a motion to mitigate.
Before the May 5, 1999 hearing, the trial court had information from the probation officer that Gaines had not moved. The trial court maintained in its App.R. 9(C) statement that the sole purpose of this hearing was to mitigate the deferred or stayed five (5) day jail time. The court at the hearing learned Gaines had not moved, had not sold his house, and continued to harass his neighbors. The trial court then ordered Gaines to serve the deferred sentence beginning May 7, 1999. The court in the App.R. 9(C) statement stated the neighbors' testimony had provided a basis for a probation violation complaint. The court then stated if the probation officer filed a probation violation complaint the court would schedule a hearing on the complaint at the conclusion of the jail commit.
The trial court set an appeal bond at $100; Gaines posted the bond and the court released him. The trial court made it clear in the App.R. 9(C) statement that it intends to hold a probation violation hearing after this appeal.
Gaines argues, in his sole assigned error, that the trial court violated his due process rights at the probation violation hearing, citing Gagnon v. Scarpelli (1973), 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656. Before we address Gaines' assigned error, it is necessary for this Court to categorize the trial court's order based on its journal entry. The trial court sentenced Gaines to 30 days and suspended 25 days. The trial court did not order Gaines to serve the remaining 5 days but deferred or stayed the time conditioned on Gaines moving from the neighborhood. The trial court gave Gaines a one year stay and provided if he moved, the five day jail time would be terminated.
Understanding this to be the case, this Court concludes Gaines' assigned error has merit. The trial court's sentence is illegal because it lacks authority to suspend the execution of a sentence. See R.C. 2949.05 (sentence must be carried into execution if no appeal is filed) and State v. Kraguljac (1988),39 Ohio App.3d 167, 168, 530 N.E.2d 970, 971 (absent an appeal on behalf of the defendant there is no authority by which the trial court may suspend the execution of a sentence.)
The evidence from the record demonstrates that Gaines did not appeal his original sentence. Consequently, the trial court acted improperly in staying the five day sentence.
Finally, we address the trial court's determination that the one year stay of execution was a form of probation, which it could revoke when the conditions were not met.
In State v. Murray (March 22, 1993), Clermont App. No. CA92-12-120, unreported, the offender was sentenced to three hundred sixty-five days in jail and began serving his sentence. The offender filed a motion to mitigate his sentence, indicating that he would be accepted into an alcohol treatment program. After the offender had served one hundred twenty-two days of his sentence, the court stayed ninety days of the sentence, suspended one hundred fifty-three days, and placed the offender on probation. Approximately four months later, the court held a review hearing attended by the offender and his probation officer. The probation officer informed the trial court that the offender had tested positive for marijuana. Thereafter, the trial court stated that it was going to reimpose the ninety days of the sentence that were previously stayed and instructed the offender's probation officer to file a probation violation with respect to the one hundred fifty-three days that were suspended. The appellate court reversed the trial court's decision.
 There is an inherent difference between suspending the imposition of a sentence and placing the defendant on probation and suspending the execution of the sentence, i.e., imposing a stay. See Municipal Court of Toledo v. State, ex rel. Platter (1933), 126 Ohio St. 103, 184 N.E. 1, paragraph two of the syllabus. The trial courts of Ohio may suspend a sentence only as authorized by statute.
State v. Air Clean Damper Co. (1990), 63 Ohio App.3d 656,658, 579 N.E.2d 763 [appeal dismissed (1990), 53 Ohio St.3d 703,558 N.E.2d 57]. The trial court had authority to suspend the imposition of part of appellant's sentence pursuant to R.C. 2929.51(D). However, it had no authority to impose a stay. See State v. Sanders (1992), 78 Ohio App.3d 672, 605 N.E.2d 1265[, appeal dismissed (1992), 64 Ohio St.3d 1428, 594 N.E.2d 970]; State v. Kraguljac (1988), 39 Ohio App.3d 167, 530 N.E.2d 970.
Murray.
In this case, the trial court's May 6, 1998 journal entry clearly reflected an attempt to stay the execution of Gaines' five day jail sentence. After the court learned that Gaines had not abided by the rules governing his probation, the trial court ordered Gaines to begin serving the five days in jail. We agree with the Murray court that the court's order was erroneous. [T]he trial court in this case did not really impose a stay at all. In essence, all the trial court did was to suspend the ninety days of the sentence that were allegedly "stayed" as well as the one hundred fifty-three days it acknowledged suspending. Suspending part of appellant's sentence and calling it a "stay" is simply a way to reimpose that part of the sentence by effectively revoking probation without going through formal revocation procedures. This procedure is patently improper and it denied appellant his due process rights.
Murray.
The due process rights accorded a probation violator are clearly spelled out in Gagnon. The probation violator is entitled to written notice, opportunity to be heard and opportunity to cross-examine witnesses.
Regardless of the probation violation portion of the Murray case, we view the trial court's sentence to defer the five day jail sentence as illegal. We agree with Murray that the deferred five day jail sentence constituted an illegal stay of execution, which the trial court lacked authority to impose; consequently, we vacate the imposition of the five-day jail sentence.
This cause is reversed and vacated.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ PATRICIA ANN BLACKMON, J.
JAMES M. PORTER, J., CONCUR.