OPINION
Defendant-appellant, Keith Wayne Blankenship, appeals felony sentences imposed by the Clermont County Court of Common Pleas for his guilty pleas to theft, grand theft, and nine counts of forgery. The trial court "stayed" these felony sentences in order that appellant could first complete a previously-imposed misdemeanor sentence. Although we find no provision for such a "stay," we affirm the trial court's order because it essentially amounts to imposition of consecutive sentences for appellant's felony convictions.
On January 12, 2000, the state indicted appellant for theft,[1] grand theft of a motor vehicle,[2] and thirty-four counts of forgery.[3]
Grand theft charge is a fourth degree felony; the remaining charges are fifth degree felonies. Pursuant to the terms of a written plea agreement, appellant pled guilty to theft, grand theft of a motor vehicle, and nine counts of forgery. The trial court found appellant guilty of those crimes and entered judgment.
On March 13, 2000, the trial court held a sentencing hearing on appellant's guilty pleas. At that time, appellant was serving a sentence imposed by Clermont County Municipal Court as the result of a probation violation.[4] The trial court sentenced appellant to serve nine months for the theft conviction; nine months for the grand theft conviction; and nine months for each one of the nine forgery convictions. The trial court made specific findings and ordered appellant's sentences for theft, grand theft, and a single forgery conviction served consecutively to one another. The sentences for appellant's remaining forgery convictions were to be served concurrently with one another and with the consecutive sentences.
The trial court entered judgment on March 15, 2000. In its sentencing order, the trial court imposed the preceding sentences, then ordered that "the sentence is stayed until April 1, 2001, or upon release from the sentence [appellant] is currently serving from Municipal Court." Appellant presents a single assignment of error for our review:
 THE SENTENCING COURT ERRED BY IMPOSING A FOURTEEN-MONTH STAY OF THE PRISON SENTENCE FOR FELONY CONVICTIONS UNTIL THE APPELLANT COMPLETED SERVING A PREVIOUSLY IMPOSED MISDEMEANOR SENTENCE.
 In his assignment of error, appellant contends that the trial court, when sentencing him, had no authority to order his felony sentences "stayed" until he finished serving his misdemeanor sentence. The trial court's stay, he contends, effectively amounted to imposition of consecutive sentences that it had no authority to impose. The state concedes that the trial court had no authority to "stay" the commencement of appellant's sentences, but argues that the trial court's order effectively did what the court had the authority to do, i.e., to order consecutive sentences.
R.C. 2949.05 provides that trial courts shall carry into execution the sentences or judgments that have been pronounced against defendants.State v. Sanders (1992), 78 Ohio App.3d 672, 674. While a trial court may suspend a sentence pursuant to R.C. 2929.51(D)(2) and 2951.02(A), it is well established that absent an appeal on the behalf of a defendant, a trial court has no authority to stay indefinitely the execution of an imposed sentence except upon the granting of probation or parole.Sanders, 78 Ohio App.3d at 674, citing State v. Kraguljac (1988),39 Ohio App.3d 167. Here, the state has conceded that the trial court had no statutory authority to order the felony sentences stayed.
Once conceding this point, the state echoes appellant's original contention that the trial court's order should be construed as an order for appellant to serve the felony sentences consecutively with the previously-imposed misdemeanor sentence that he was serving when the court sentenced him. In response to the state's argument, appellant reverses his initial position and contends in his reply brief that the "stay" was patently improper such that this court should not construe the trial court's order as effectively imposing consecutive terms of imprisonment. Since appellant offers no meaningful legal solution within this argument, we find that the better course is to follow the state's, and appellant's, initial analysis. Accordingly, the question we must answer is whether the trial court had the statutory sentencing authority to order appellant's felony sentences to be served consecutively to his previously-imposed municipal court sentence.
When reviewing the trial court's sentence, we keep in mind our standard of review. A sentencing court is vested with broad discretion when imposing a sentence. An appellate court may not increase, reduce, or otherwise modify a sentence imposed unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. State v. Maloney (Sept. 27, 1999), Clermont App. No. CA99-01-006, unreported, at 3, citing R.C. 2953.08(G)(1)(a) and (d) and State v. Garcia (1998), 126 Ohio App.3d 485, 487. Clear and convincing evidence has been defined as that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Maloney, Clermont App. No. CA99-01-006, at 3.
Appellant contends that the version of R.C. 2929.41[5] in effect at the time the trial court sentenced him did not authorize consecutive sentences so his sentence is contrary to law. R.C. 2929.41 provided in pertinent part:
 (A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.
 (B)(1) A sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.
Based upon a prior version of this section, conflict arose regarding whether a court could impose a sentence for a misdemeanor consecutively to an already-existing felony sentence. In State v. O'Dell (Apr. 13, 1987), Butler App. No. CA86-10-142, unreported, at 7, this court held that a trial court has no discretion under R.C. 2929.41(A) to impose a misdemeanor sentence consecutively to that of an already existent felony sentence. Likewise, in State v. Copeland (1989), 60 Ohio App.3d 111,112, this court held that the legislature mandated that a sentence of imprisonment for a misdemeanor be served concurrently with a sentence of imprisonment for a felony, and that it was the legislature's concern whether such an interpretation of the statute effectively eliminated any penalty for a misdemeanor committed with a felony. In State v. Butts
(1991), 58 Ohio St.3d 250, 251, the Ohio Supreme Court resolved any conflict on the issue, holding that "R.C. 2929.41(A) requires that a sentence imposed for a misdemeanor conviction must be served concurrently with any felony sentence."
However, these cases only address the question whether a misdemeanor sentence can be ordered served consecutively with an already-existing felony sentence. These cases do not address the pertinent question here, i.e., whether a felony sentence could be ordered served consecutively with an already-existing misdemeanor sentence.
This court addressed this precise question in State v. Stacy (May 10, 1999), Warren App. No. CA98-08-093, unreported. There, the trial court accepted a joint sentencing recommendation in which Stacy's felony and misdemeanor sentences would be served consecutively to the sentence he was then serving for a misdemeanor. Id. at 3. This court distinguished the cases interpreting R.C. 2929.41, since those cases addressed situations in which misdemeanor sentences had been imposed consecutively to pre-existing felony sentences or misdemeanor sentences had been imposed consecutively to felony sentences imposed in the same proceeding. See id. at 8-9. Since R.C. 2929.14(E) authorized consecutive sentences, we held that the consecutive felony sentences were authorized by law. Id. at 9.
O'Dell, Copeland, and Butts apply to a trial court's imposition of a misdemeanor sentence and are distinguishable from this case. Like the sentences in Stacy, the trial court here imposed felony sentences. Those felony sentences would effectively be served consecutively to appellant's pre-existing misdemeanor sentence. See id. Consecutive sentencing is authorized by law under R.C. 2929.14(E)(3).[6] Id. R.C. 2929.41(A) therefore does not apply to this situation. The trial court could order appellant's felony sentences served consecutive to his already-existing misdemeanor sentence.
Appellant also argues that the trial court was prohibited from ordering appellant's felony sentences served consecutively because a "prison" sentence may not be ordered to be served consecutive to a "jail" sentence. Maloney, Clermont App. No. CA99-01-006, at 6, addressed similar contentions but is distinguishable from the present case. InMaloney, we recognized that, under Chapter 29 of the Revised Code, "jail" and "prison" are distinct terms that are not interchangeable, but our decision rested upon R.C. 2929.13(G)(1). Id. at 6-7. R.C. 2929.13(G)(1) imposed a mandatory sixty-day term of local incarceration upon a first-time felony DUI offender and prohibited a court from ordering a first-time DUI offender to serve the mandatory term of local incarceration in prison. Id. at 7. For that reason, we held that the trial court in Maloney had no discretion under R.C. 2929.14(E)(4) to order appellant's "jail" term for his first DUI offense served consecutively to his "prison" term. Id. Appellant cites no similar statute here that would divest the trial court of its discretion to order the consecutive sentences under R.C. 2929.14(E)(4).
Since the trial court had the statutory authority to order appellant's felony sentences served consecutively with his already-existing misdemeanor sentence, appellant's assignment of error is overruled.
POWELL, P.J., concurs.
WALSH, J., dissents.
 ______________ VALLEN, J.
[1] R.C. 2913.02(A)(1).
[2] R.C. 2913.02(A)(3).
[3] R.C. 2931.31(A)(3).
[4] The nature of appellant's previous offense and its original sentence is not evident from the record. However, given the municipal court's jurisdiction, we must assume that the offense for which appellant was found guilty and sentenced was a misdemeanor. See R.C. 1901.20(A) (municipal court has jurisdiction over misdemeanors committed within its territorial limits and felony proceedings preliminary to indictment or probable cause finding).
[5] Appellant was sentenced under the version of the statute made effective on January 1, 1997.
[6] Appellant does not argue that the trial court failed to make the requisite findings for imposition of consecutive sentences under R.C. 2929.14(E)(3).