[Cite as *State v. Fizer*, 2016-Ohio-8384.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

        Appellee

v.

Adam J. Fizer

        Appellant

Court of Appeals No. L-15-1307

Trial Court No. CR0201502053

**DECISION AND JUDGMENT**

Decided: December 23, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Patricia S. Wardrop, Assistant Prosecuting Attorney, for appellee.

Stephen Johnston, for appellant.

* * * * *

**YARBROUGH, J.**

## I. Introduction

{¶ 1} Appellant, Adam Fizer, appeals the judgment of the Lucas County Court of

Common Pleas, ordering him to serve a 540-day jail sentence as well as an additional 11-

month prison sentence following his no contest plea to four counts of receiving stolen property.  Because we find that the trial court's sentence is contrary to law, we reverse.

## A.  Facts and Procedural Background

{¶ 2} On June 30, 2015, appellant was indicted on three counts of receiving stolen property in violation of R.C. 2913.51(A) and (C), felonies of the fifth degree, and four counts of receiving stolen property in violation of R.C. 2913.51(A) and (C), misdemeanors of the first degree.  The indictment followed the execution of search warrants at appellant's residence and storage locker, during which officers recovered several items of property that were stolen during auto thefts and home invasions.

{¶ 3} Following preliminary discovery and plea negotiations, appellant appeared before the trial court on October 30, 2015, and entered pleas of no contest to one felony count of receiving stolen property and three misdemeanor counts of receiving stolen property.  The remaining counts were dismissed pursuant to appellant's plea agreement with the state.

{¶ 4} The court proceeded immediately to sentencing, ultimately ordering appellant to serve 180 days on each of the misdemeanor counts, to be served consecutively for a total jail term of 540 days.  Additionally, the court imposed a prison sentence of 11 months on the felony count, and stated that the prison sentence would "begin upon completion of [misdemeanor] sentence."  Further, the court ordered that the sentences would be "served consecutively to any sentence imposed in pending Wood

2.

County case and pending State of Michigan case." It is from this order that appellant timely appeals.

## B. Assignment of Error

{¶ 5} On appeal, appellant assigns the following error for our review:

> The trial court's sentence was contrary to law.

## II. Analysis

{¶ 6} In his sole assignment of error, appellant argues that the trial court's sentence was contrary to law. Specifically, appellant contends that the trial court erred by failing to run his misdemeanor jail sentences concurrent to his felony prison sentence. Further, appellant contends that the trial court erred in staying the imposition of his felony sentence during his 540-day jail sentence on the misdemeanor convictions. Finally, appellant asserts that the trial court exceeded its authority by ordering its sentence to be run consecutively to sentences that had not yet been imposed by other courts in actions that were pending at the time of sentencing. We will address these arguments in turn.

{¶ 7} At the outset, we note that the state agrees with the foregoing arguments. Indeed, in its appellate brief, the state acknowledges that the trial court was without authority to order appellant's misdemeanor sentences to be run consecutive to his felony sentence, or to order the sentences to be served consecutively to the sentences that would eventually be imposed in the Wood County case or the State of Michigan case. Having

3.

reviewed the record and the relevant case law on these issues, we agree that the trial court's sentence was contrary to law.

{¶ 8} As to appellant's argument that the trial court erred by failing to run his misdemeanor jail sentences concurrent to his felony prison sentence, R.C. 2929.41(A) provides, in relevant part: "Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution." This language was recently discussed by the Supreme Court of Ohio in *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, where the court held that a trial court must impose concurrent sentences for felony and misdemeanor convictions under R.C. 2929.41(A) unless the exception within R.C. 2929.41(B)(3) pertaining to certain motor vehicle offenses applies. In this case, the parties acknowledge that the exception found in R.C. 2929.41(B)(3) does not apply. Thus, we find that the trial court erred in imposing consecutive sentences for appellant's felony and misdemeanor offenses.

{¶ 9} We further find that the trial court erred in staying the felony sentence until completion of the misdemeanor sentences, given the clear mandate in R.C. 2949.05 that the court "shall carry into execution the sentence or judgment." *See State v. Kraguljac*, 39 Ohio App.3d 167, 168, 530 N.E.2d 970 (9th Dist.1988) (holding that "absent an appeal on behalf of the defendant, there is no authority by which the trial court may suspend the execution of a sentence.").

{¶ 10} Next, we turn to appellant's argument that the trial court exceeded its authority by ordering appellant's sentence to be run consecutively to sentences that had not yet been imposed by other courts in actions that were pending at the time of sentencing. It has long been established in Ohio that a sentence cannot run consecutively with a future sentence. *See State v. White*, 18 Ohio St.3d 340, 342-43, 481 N.E.2d 596 (1985) ("When a trial court imposes a sentence and orders it to be served consecutively with any future sentence to be imposed, it appears that such a sentence interferes with the discretion of the second trial judge to fashion an appropriate sentence."); *State v. Wise*, 12th Dist. Clermont No. CA2003-12-113, 2004-Ohio-6241, ¶ 8 ("[A] trial court may not order a sentence to be served consecutively to a sentence that is to be imposed in the future.").

{¶ 11} Here, the trial court expressly stated that appellant's sentence was to be served consecutively to any sentence imposed in the pending Wood County case and the pending State of Michigan case. In that regard, the court's order ran afoul of the Supreme Court's holding in *White*, prohibiting the order of a sentence to be served consecutive to sentences yet to be imposed in the future. In so doing, the court interfered with the sentencing discretion of the trial judges in Wood County and the State of Michigan.

{¶ 12} In light of our conclusion that the trial court erred in ordering appellant's misdemeanor sentences to run consecutive to his felony sentence, and consecutive to

5.

sentences to be imposed in the future, we find appellant's sole assignment of error well-taken.

### III. Conclusion

{¶ 13} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to App.R. 12(B), we modify the trial court's order by instructing that appellant's misdemeanor sentences are to be served concurrently with his felony sentence. We further modify the trial court's order by clarifying that the felony sentence is to be carried into execution immediately. Finally, we hereby delete the following statement in the order: "The court further finds the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively to any sentence imposed in pending Wood County case and pending State of Michigan case."

{¶ 14} Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                            _____

Stephen A. Yarbrough, J.            JUDGE

James D. Jensen, P.J.                 _____
CONCUR.                                     JUDGE

_____
JUDGE