In this case the record shows that there was no suspension of sentence to enable the various defendants to prosecute error; nor was there a suspension of imposition of sentence and a placing of the various defendants on probation; nor was there a conditional sentence, allowable in misdemeanor cases. The record does show, however, that upon trial and conviction the municipal court sentenced the defendants *Page 107 
to pay a fine of twenty-five dollars and costs or be committed until the same were paid, and that thereupon said municipal court suspended generally the execution of such sentences so imposed upon the various defendants.
Three questions are presented by this record: First, is mandamus the proper remedy to compel vacation of the claimed void orders of suspension of execution of the various sentences and enforcement of the original sentences imposed, or is there an adequate remedy at law afforded defendant in error? Second, were the orders of suspension of execution of sentence lawful and within the powers of the municipal court? Third, does the fact that the orders of suspension of execution were made at a former term of the municipal court make them final and beyond the power of the municipal court to change?
As to the first proposition, we are of opinion that mandamus is the proper remedy by which to compel the court to set aside and vacate an order suspending the execution of a sentence made in a criminal case, where a court has exceeded its authority by making such order of suspension for purposes other than for an error proceeding. We regard the case of Ex parte United States,242 U.S. 27, 37 S.Ct., 72, 61 L.Ed., 129, L.R.A., 1917E, 1178, Ann. Cas., 1917B, 355, as determinative of this issue. The first paragraph of the syllabus of that case, as reported in 61 L.Ed., L.R.A., 1917E, and 37 S.Ct., recites: "Mandamus is the proper remedy where a Federal district court has exceeded its power by ordering that the execution of a sentence to imprisonment imposed by it upon a plea of guilty be suspended indefinitely during good behavior upon considerations wholly extraneous to the conviction."
The discussion of Chief Justice White in rendering the opinion is most persuasive as to the remedial appropriateness of a writ of mandamus in cases of this *Page 108 
character, and his opinion contains citations to many adjudicated cases sustaining this view. See, also, Ex parteBradley, 74 U.S. (7 Wall.), 364, 19 L.Ed., 214; In re Winn,213 U.S. 458, 29 S.Ct., 515, 53 L.Ed., 873; Ex parte MetropolitanWater Co. of W. Va., 220 U.S. 539, 31 S.Ct., 600,55 L.Ed., 575; In re Metropolitan Trust Co. of City of New York,218 U.S. 312, 31 S.Ct., 18, 54 L.Ed., 1051; 38 Corpus Juris, 647;United States, ex rel. Campbell, v. Bishop, Morale Officer (C. C. A.), 47 F.2d 95.
Nor do we think that the state was afforded an adequate remedy at law, as the powers of the state to prosecute error from an adverse judgment are created by statutory provision alone.
As to the second proposition, pertaining to the power of the municipal court to suspend execution of sentence, it should be noted that there is a distinction between suspension ofimposition of sentence and suspension of execution of sentence. We find no statutory authority to suspend the execution of the sentences previously imposed by such court on conviction of violating a state law, except to enable defendant to prosecute error or to be placed on probation, as provided by statute; nor did the municipal court have inherent power so to do.
We are cited to the cases of Weber v. State, 58 Ohio St. 616, 51 N.E. 116, 41 L.R.A., 472, and In re Nunley, 102 Ohio St. 332, 131 N.E. 495. Neither of these cases is authoritative, for the reason that the same are no longer controlling, because of legislative enactment. The Legislature has made provision for the suspension of the imposition of sentence and the placing of an accused on probation by Sections 13452-1 to 13452-11, General Code; second, for suspension ofexecution of sentence pending perfection of error proceedings, by Sections 13453-1 to 13453-6, General Code; and, third, for the conditional sentence of persons *Page 109 
convicted of misdemeanors, by Section 13451-8, General Code.
As is said in Madjorous v. State, 113 Ohio St. 427, at page 433, 149 N.E. 393: "The Ohio Legislature having dealt with the subject, and having made certain provisions and certain exceptions thereto, it will be presumed that the Legislature has exhausted the legislative intent, and that it has not intended the practice to be extended further than the plain import of the statutes already enacted. The well-known maxim,expressio unius est exclusio alterius, applies."
It cannot rightly be claimed that Section 13453-1, General Code, is applicable, for that expressly provides for the execution of a sentence being suspended for the purpose of permitting a person convicted of a bailable offense to institute error proceedings. The various defendants here did not prosecute error from the judgment of September 25, 1931.
Section 13453-4, General Code, provides that if no error proceedings are instituted, or the judgment of the trial court is affirmed, the sentence which has been pronounced upon the accused shall be carried into execution.
It cannot be claimed that these defendants were given conditional sentences, or probated on condition, as provided in Section 13451-8, General Code.
The Legislature having made these statutory provisions for suspension of execution of sentences, we find no statutory authority available to the defendants in these cases; and, unless the court had an inherent power to suspend, such suspensions were without authority.
In view of the fact that in this state crimes are defined by statute, and procedure in criminal cases is of statutory provision, we must look to the statute for authority to suspend execution of sentence. 12 Ohio Jurisprudence, 49;Weaver v. State, 120 Ohio St. 44, *Page 110 165 N.E. 573; Stockum v. State, 106 Ohio St. 249, 253,139 N.E. 855.
This court has heretofore, in the case of Madjorous v. State,supra, considered the question of the inherent powers of courts to suspend execution of sentence in criminal cases. The language of the opinion, at page 433, is pertinent: "It would be unprofitable to discuss the many cases cited in the briefs of counsel, as we think the best authority upon this subject is the very well-considered opinion of Chief Justice White, in which he reviews and discusses the leading cases at length and reaches the conclusion that the courts do not possess the inherent power to suspend a sentence in a criminal prosecution, except to stay the sentence for a time after conviction, for the purpose of giving an opportunity for a motion for a new trial or in arrest of judgment or during the pendency of a proceeding in error."
In the Madjorous case a writ of certiorari filed in the Supreme Court of the United States was denied, 270 U.S. 662,46 S.Ct., 471, 70 L.Ed., 787. An excellent discussion of the inherent powers of courts touching the suspension of sentence in criminal cases under the Ohio decisions is found in 12 Ohio Jurisprudence, 682, Section 667 et seq.
Our conclusion is that in this state the inherent power of courts to suspend execution of sentence does not exist, but suspension of execution of sentence must be authorized by statute.
Reference might be made to the many authorities supporting the proposition that state courts have generally denied the existence of inherent power to suspend execution of sentences. In Ex parte United States, supra, in the opinion of Mr. Justice White, a voluminous note sets forth a large number of cases upon that point. The matter is well stated in 8 Ruling Case Law, 253, Section 258: "On principle and authority the right of the court to suspend the execution *Page 111 
of the sentence after it has been pronounced cannot be sustained, except as incident to a review of the case on a writ of error, or on other well-established legal grounds. After sentence given, the matter within these limits would seem to be wholly within the hands of the executive officers of the law. The sole power is vested in the governor to grant reprieves, commutations, and pardons after conviction, on such conditions and with such restrictions and limitations as he may think proper. And the action of the court after it had regularly pronounced the punishment provided by law for the offense is clearly obnoxious to the objection that it is an attempted exercise of power not judicial but vested in the executive; and it has been likened to the incorporation into our criminal jurisprudence of the 'ticket of leave system,' without any of its safeguards, leaving the convicted criminal subject to the mere option or caprice of the judge, who may direct the enforcement of the sentence after any lapse of time, however great, or withhold it, to the serious detriment, it may be, of the interests of the public, — a power plainly liable to abuse."
Many cases are cited in the notes in support of the text. The same principle is announced in 16 Corpus Juris, 1333: "According to the weight of authority, after sentence has been pronounced, the court has no power indefinitely to suspend its execution, either in whole or in part, and any such order made after judgment, or as a part thereof, is to that extent wholly void * * *." See cases sustaining the text cited in the footnotes.
The following late cases may also be cited: State v.Zolantakis, 70 Utah 296, 259 P. 1044, 54 A. L. R., 1463;State, ex rel. Browning, Sheriff, v. Kelly, Judge,309 Mo., 465, 274 S.W. 731; Woodcock, Jailer, v. Richey, 225 Ky. 318,8 S.W.2d 389; State, ex rel. Payne, Atty. Genl., v.Anderson, Judge, 43 S.D. 630, 181 N.W. 839; Davis v. State,169 Ark. 932, *Page 112 277 S.W. 5; State, ex rel. Preston, County Atty., v. Hamilton,Judge, 206 Iowa 414, 220 N.W. 313; State v. McKelvey,30 Ariz. 265, 246 P. 550; Neal v. State, 104 Ga. 509,30 S.E. 858, 42 L.R.A., 190, 69 Am. St. Rep., 175; State v. Sturgis,110 Me. 96, 85 A. 474, 43 L.R.A. (N.S.), 443.
The late case of Sorrells v. United States, 287 U.S. 435,53 S.Ct., 210, 77 L.Ed., 265, contains the following language by Chief Justice Hughes: "We are unable to approve the view that the court, although treating the statute as applicable despite the entrapment, and the defendant as guilty, has authority to grant immunity, or to adopt a procedure to that end. It is the function of the court to construe the statute, not to defeat it as construed. Clemency is the function of the Executive. Exparte United States, 242 U.S. 27, 42 [37 S.Ct., 72,61 L.Ed., 129, L.R.A., 1917E, 1178, Ann. Cas., 1917B, 355]. In that case, this Court decisively denied such authority to free guilty defendants, in holding that the court had no power to suspend sentences indefinitely."
The remaining ground of error complained of is that the municipal court has no power to set aside the suspensions of the execution of the sentences and to order the original sentences carried into execution after the term at which the orders suspending the executions of sentences were made.
In our view of the case these orders of suspension of execution of the sentences were without authority in the first instance, and therefore void, and, being void, may be set aside at any time, or stricken from the record and treated as a nullity, and the original sentences enforced. Manifestly, where an attempt to stay the execution of a criminal sentence is void, the court may, even after the expiration of the term, cause the execution of the sentence to proceed. This was the view of the Court of Appeals, and we think such conclusion was correct. State, ex rel. Tingstad, v. Starwich *Page 113 Sheriff, 119 Wn. 561, 206 P. 29, 26 A. L. R., 393; 8 Ruling Case Law, 256, Section 262; Friske v. Circuit Court ofCodington County, 51 S.D. 415, 214 N.W. 812.
See, also, 33 L.R.A., (N.S.), pages 112 and 114, note; 39 L.R.A. (N.S.), 242, note; Spencer v. State, 125 Tenn. 64,140 S.W. 597, 38 L.R.A. (N.S.), 680; Snodgrass v. State,67 Tex. Cr. R., 615, 150 S.W. 162, 41 L.R.A. (N.S.), 1144;State v. Abbott, 87 S.C. 466, 70 S.E. 6, 33 L.R.A. (N.S.), 112, Ann. Cas., 1912B, 1189; Fuller v. State, 100 Miss. 811,57 So. 806, 39 L.R.A. (N.S.), 242, Ann. Cas., 1914A, 98; In re Hinson, 156 N.C. 250, 72 S.E. 310, 36 L.R.A. (N.S.), 352; Neal v. State, 104 Ga. 509, 30 S.E. 858, 42 L.R.A., 190, 69 Am. St. Rep., 175; State, ex rel. Buckley, v.Drew, 75 N.H. 402, 74 A. 875; Egbert v. Tauer, Mayor,191 Ind. 547, 132 N.E. 370, 134 N.E. 199; Ex parte UnitedStates, 242 U.S. 27, 37 S. Ct., 72, 61 L.Ed., 129, L.R.A., 1917E, 1178, Ann. Cas., 1917B, 355, and Miller v. Evans,Sheriff, 115 Iowa 101, 88 N.W. 198, 56 L.R.A., 101, 91 Am. St. Rep., 143.
Upon the entire record, we think the judgment of the Court of Appeals in granting the writ of mandamus was right, and its judgment is affirmed.
Judgment affirmed.
KINKADE, STEPHENSON and MATTHIAS, JJ., concur.
 WEYGANDT, C.J., and ALLEN, J., not participating. *Page 114