Jones, J.
 

 On January 11,1933, and before the present amendment of .our statute relating to the suspension of sentences, this court decided that trial courts did not then have inherent power to suspend sentences in criminal cases and could order such suspensions only as provided by statute.
 
 Municipal Court of Toledo
 
 v.
 
 State, ex rel. Platter,
 
 126 Ohio St., 103, 184 N. E., 1. Recognizing such limitations upon the power of trial courts to grant suspensions, and no doubt induced by the foregoing decision, about six months later the Legislature of Ohio supplemented and broadened the. power to grant suspension in misdemeanor cases. It did this by virtue of the adoption of Section 13451-86, General Code (115 Ohio Laws, 543). That section reads as follows: “Any court sentencing a person for misdemeanor forbidden by statute or ordinance, may at the time of sentence remit the same or suspend such sentence in whole or in part, upon such terms as he may impose.” This statute applies to misdemeanor cases where sentences have been imposed, and author
 
 *150
 
 izes trial courts,
 
 at the time of sentence,
 
 (a) to remit the sentence in its entirety or, (b) to suspend the exe-. cution of the sentence in whole or in part upon such terms as the court may impose.
 

 Counsel for appellant argue that the trial court is authorized “to remit or suspend only if such action be taken coincidentally with the sentence; that if mitigating circumstances are to be presented, the statutes authorize the same
 
 before, but not after,
 
 sentence.” It is impossible to so construe the statute. It clearly applies to sentences' that have already been imposed. The execution of the sentence and not its imposition is suspended. If there be no sentence, there can be no remission. Other sections provide for hearing mitigating circumstances before sentence; and it was evidently the purpose of Section 13451-8&, General Code, to extend, in misdemeanor cases, the right of suspension as well as the right to hear mitigating circumstances after the imposition of sentence.
 

 In order to clarify this controversy, we accept the concession made by counsel, not only in the hearing before the appellate court, but also in this court, that the motion in mitigation of sentence and the. order suspending the sentence were both made and entered upon the docket on the same day. Some criticism is advanced that our code of criminal procedure did not authorize what is here termed “motions in mitigation.” This criticism is a specious one. An application or, if you will, a motion in mitigation of sentence may be made by counsel or the accused either in writing or orally; or it may be entered
 
 sua sponte
 
 by the court.
 

 The order of suspension made December 24, 1935, was made on the same day the sentence was imposed. The statute requires both to be made at the same time. If the suspension order be made at the time of sentence, as appears to have been done in this case, the statute has been complied with. The section does not
 
 *151
 
 attempt to control the duration of suspension or the time when mitigating circumstances must be heard. The continuance of a hearing in mitigation
 
 ipso facto
 
 continues the suspension of sentence until the mitigating circumstances may be heard. It is also vaguely intimated by appellant’s counsel that, if the trial court had power to suspend the execution of the sentence on December 24, 1935, the court, having done so, could not continue its hearings in mitigation until February 15, following, and that, having suspended the sentence on December 24, 1935, the court had exhausted its power to continue the suspension. The court was not required by statute to specify the time of suspension or its duration. The court could have, in the first instance, extended the period of suspension until February 15, 1936. Or, when the sentence was imposed, it could have ordered suspension to no specified day, but to an unspecified time- when mitigating circumstances may be heard; and in the instant case, the court’s order, in its entirety, clearly indicates that this was in effect what the court actually did. We think this is clearly authorized by Section 13451-85, General Code. Appellant’s brief complains of an abuse of discretion on the part of the trial court. Such abuse does not appear here. The trial court is presumed to have-had good cause for the continuances and to have heard and determined that mitigating circumstances justified its final disposition of the case.
 

 We are called upon to pass, not upon the wisdom of our legislation, but upon the power actually reposed in the trial court granting it authority to suspend sentences in misdemeanor cases. The present criminal statutes now in force in this state empower the court-to grant suspension of sentences either before or at the time of their imposition. The section here considered f(alls within the scope of the latter class. In the instant case, the Municipal Court, when it sentenced the
 
 *152
 
 accused, could, at the same time, suspend its execution until mitigating circumstances could be heard and determined. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Stephenson, Williams, Matthias and Day, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., dissent.