## STATE v COLE

Ohio Appeals, 2nd Dist, Champaign Co

No 106. Decided July 11, 1941

Glenn R. Immel, Prosecuting Attorney, North Lewisburg, for plaintiff-appellant.

Deaton, Bodey & Bodey, Urbana, for defendant-appellee.

**OPINION**

By GEIGER, PJ.

The matter is before us on application of the defendant now confined in the Champaign County jail, that this Court fix the amount of recognizance by which he may be released from the present confinement.

The defendant was indicted in Champaign County for rape and incest, and was convicted on both charges. He filed a motion for new trial which was sustained by the Court. Thereupon, the State gave notice of appeal on questions of law to this Court, the same being taken from the order of the Common Pleas Court of Champaign County, which said Court sustained the motion of the defendant that a new trial be granted.

The notice of appeal contains eleven allegations of errors complained of.

A notice of appeal does not require that the grounds shall be set forth, yet we may regard this notice as an assignment of errors.

It has been repeatedly held that the granting of a new trial is not a final order from which appeal may be taken unless there is an abuse of discretion. Counsel for the State recognizing this, bases his appeal upon his claim that the Court of Common Pleas grossly abused its discretion when it granted the defendant's motion for new trial in the matters that are therein set forth under his eleven different paragraphs.

The notice of appeal was filed on June 25, 1941, and on June 27, 1941, the defendant filed his motion in which he represents that he is confined in jail and will be so confined during the pendency of this action on appeal unless he be released by the execution and delivery of a bail bond.

He moves this Court for an order fixing the amount of bail which should be given by him.

On June 28, 1941, the Prosecuting Attorney filed a motion that the Court strike from its file the motion of the defendant praying that the Court fix a bond.

Succinctly, the issue now presented is upon the motion of the defendant that this Court fix a bond and the motion of the State that this motion of the defendant be stricken.

The purpose of defendant's application is to endeavor to have this Court fix a bond less in amount than that fixed by the Common Pleas Court, in order that he may secure such bond.

The defendant in opposition to the Prosecutor's motion to dismiss his motion, filed a memorandum, to which we have given attention, the defendant relying largely upon §13435-9 GC, especially relying upon that portion of the statute which provides—"the Court in which such error is prosecuted, for good cause shown may increase or decrease such recognizance, or remand the accused to the sheriff of the county in which such indictment was returned or information filed."

Counsel for the State takes the position that the only provision in this section in reference to the bond is the changing of a bond already given, and that the defendant had a constitutional authority to give the bond below but did not do so, and, therefore, this Court does not have original jurisdiction in this matter.

Counsel for the State, in the discussion of the amount of the bond to be fixed by this Court (he not admitting this Court has authority to fix the bond), urges that the amount fixed below by the Justice and in the Court of Common Pleas is not unreasonable;

that the defendant has been found guilty; that the defendant has not a good reputation, and associates with hardened criminals, and that were he released on bail it might well be that he would leave the jurisdiction of the Court. The Prosecutor asserts that there is question as to whether a bondsman could be held in case of default by the defendant in the absence of specific authority for this Court to fix the bond.

In reply to this Counsel for defendant has addressed a letter to the Court minimizing the former criminal record of the defendant and asserting that the evidence in the former trial does not show that the defendant is a dangerous man. Counsel cites and comments upon §§13446-2, 13446-4, and 13459-14.

This case requires that our attention be given to constitutional and statutory provisions in reference to bonds in criminal matters. Any emphasis in the comment upon the various statutes is our own.

The constitution provides that all persons shall be bailable by sufficient securities, with certain exceptions. The right to bail in all except capital cases is inviolable in criminal cases—the power of the Court to admit to bail is not taken away until the prisoner found guilty of a felony is sentenced. "After a verdict of guilty and before sentence the court may in its discretion take a recognizance."

The statutes in relation to bail are found in §13435-1 et seq. The provisions of the Chapter shall apply to all courts of record.

In cases of felony the amount of the bond shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant and the probability or improbability of his appearing at the trial of the cause.

Sec. 13435-9 GC, is of special importance, and relates to a renewal or change in the recognizance. It provides that it shall not be necessary when such recognizance is executed for the accused to give another recogni-

zance pending a proceeding in error, but such recognizance shall continue in full force throughout the proceeding in error. "The court in which such error is prosecuted, for good cause shown, may increase or decrease such recognizance, or may remand the accused to the sheriff."

"A recognizance to let to bail on the allowance of a writ of error **after conviction** is not authorized by the act allowing writs of error in criminal cases and is therefore void."

In the case of **Hampton v State, 42 Oh St 401,** it is held:

"The court after a verdict of guilty and before sentence, may, in its discretion take a recognizance."

The case which would seem to be most authoritative in settlement of this matter is that of **In re Halsey, 124 Oh St 318,** in which it is held:

"Section 9 of the Ohio Bill of Rights guarantees the right to bail only before judgment of conviction in the trial court."

And the Court, through Marshall, CJ., states:

"The question * * * is whether under the mandate of the Bill of Rights it is in the power of the General Assembly to deny reasonable bail to any person **convicted** of any offense, other than a capital offense, during the pendency of the proceeding in error."

The Court points out that §13453-1 GC, provides that after conviction and notice of intention to file petition in error, the judge may in his discretion suspend execution for such time as will give the accused time to prepare and file such petition.

The Court states that other sections of the Code provide for increasing or reducing bonds that have been provided for in the lower court "but the Code contains no provision for the Court of

Appeals fixing the amount of a recognizance or admitting persons to bail who have not been so admitted in the trial court."

It is quite clear, therefore, that the Court has no original authority in any case.

The Judge stated:

"Upon reason and principle it would seem that it could not have been in the mind of the constitutional framers to admit to bail in cases after conviction. The inclination to escape is vastly increased **after conviction.**"

The Court cites **State v Clark, 15 O. 595,** in which it is stated:

"Before conviction all prisoners are bailable. After conviction it depends upon the statute whether they shall be let to bail or not. In this case the act not authorizing bail, the Judge had no power to direct the recognizance and it is, therefore, void."

It is stated in this case by counsel for the State that the defendant has been convicted. That is true—he was convicted, but the Court granted him a new trial and he, therefore, now stands before us and his rights are fixed as if he had never been convicted, his former conviction set aside cannot deprive him of the rights he enjoyed before that void conviction.

The case is, therefore, reduced to a finality on the question as to whether this reviewing court has a right to increase or decrease the amount of bond fixed by the committing magistrate and by the Court, and which the defendant seems to have been unable to give.

Sec. 13435-9 GC, specifically relates to the renewal or change in the recognizance which has been given in the trial court, and the statute provides that it shall not be necessary for the accused to give another recognizance upon proceeding in error. The court in which such error is prosecuted may increase or decrease such recognizance.

It is true that there has been no bond given in the Court below, and it has been urged that no bond having been given, this Court is without power to increase or decrease the recognizance.

Sec. 13435-2 GC, under the heading—"AMOUNT OF RECOGNIZANCE"—provides for the fixing of the amount of the bail, seeming to indicate that the fixing of the amount of the bail is fixing of the amount of the recognizance, which recognizance may be decreased by the court in which the error is prosecuted.

We are of the opinion that we have authority in this case to decrease the amount of the recognizance fixed in the Court below, even though no bond was actually given in that Court.

Having arrived at the conclusion that this Court has the right to decrease the recognizance, the provision of the statute is that it must be done for good cause shown. The only cause shown is that the man is in jail and wants to get out, and is unable to furnish the bond in the amount of $3,000.

Sec. 13435-2 GC, provides that the amount of the bond shall be fixed with the consideration of the seriousness of the offense charged, the previous record of the defendant, and the probability or improbability of his appearing at the trial of the cause.

There is no doubt about the seriousness of the offense charged, it being a sexual attack upon the female child within the age of twelve years.

However, the fixing of the bond in the sum of $3,000.00, is in effect a denial of the right of bail, as the man has little or no property and has few friends who are willing to go the amount that the Court has fixed.

While the defendant has been once convicted, the trial court set aside the conviction on grounds which the State claims show abuse of discretion.

This action of the trial Court might or might not include doubt in the mind of the Court as to his guilt. We, however, feel justified in regarding the action of the Court as good cause for reducing the bond, even though there has been an appeal from that action by the State.

We are of the opinion that it would be safe under all circumstances, and in view of the facts to reduce the amount of the bond from $3,000.00 to $2,000.00, the same to be approved by the Clerk.

The motion of defendant is sustained, and that of the State overruled. Judgment accordingly.

BARNES & HORNBECK, JJ., concur.