OPINIONS OF THE SUPREME COURT OF OHIO
          The full texts of the opinions of the Supreme Court of
     Ohio are being transmitted electronically beginning May 27,
     1992, pursuant to a pilot project implemented by Chief Justice
     Thomas J. Moyer.
          Please call any errors to the attention of the Reporter's
     Office of the Supreme Court of Ohio.  Attention:  Walter S.
     Kobalka, Reporter, or Deborah J. Whitten, Administrative
     Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
     Your comments on this pilot project are also welcome.
          NOTE:  Corrections may be made by the Supreme Court to the
     full texts of the opinions after they have been released
     electronically to the public.  The reader is therefore advised
     to check the bound volumes of Ohio St.3d published by West
     Publishing Company for the final versions of these opinions.
     The advance sheets to Ohio St.3d will also contain the volume
     and page numbers where the opinions will be found in the bound
     volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Harris, Appellee.
[Cite as State v. Harris (1993),     Ohio St.3d    .]
Criminal law -- Trial court without jurisdiction to rule on
     motion for shock probation brought pursuant to R.C.
     2947.061, when.
A trial court is without jurisdiction to rule on a motion for
     shock probation brought pursuant to R.C. 2947.061, unless
     and until a written investigation report has been
     considered by the court pursuant to the mandate of former
     R.C. 2951.03.
     (No. 91-1557 -- Submitted January 19, 1993 -- Decided
April 7, 1993.)
     Appeal from the Court of Appeals for Lorain County, No.
90CA004913.
     On July 9, 1990, defendant-appellee, Lonnie Harris, was
sentenced to one year's incarceration in the Lorain
Correctional Institute by the Court of Common Pleas of Lorain
County upon a conviction on one count of tampering with
evidence (R.C. 2921.12[A][1]).  On August 10, 1990, defendant
filed a motion for "shock" probation before the trial court
pursuant to R.C. 2947.061(A).  On August 17, 1990,
plaintiff-appellant, state of Ohio, filed objections to
defendant's motion for shock probation on the grounds, inter
alia, that defendant had a prior theft conviction and a
conviction for aggravated assault "under the name of Ronald
William Adams, same Social Security Number and date of birth."
     On August 29, 1990, the trial court, without the benefit
of a hearing or a "written presentence investigation report by
a probation officer" mandated by former R.C. 2951.03, granted
defendant's motion for shock probation while simultaneously
ordering the Lorain County Adult Probation Department to
prepare a post-sentence investigation report on defendant.
     Upon appeal by the state, the court of appeals affirmed
the trial court's granting of shock probation to defendant in a
split decision.  In relevant part, the appellate court, while
it concluded that a trial court should consider a presentence
investigation report before it grants shock probation,
nevertheless held that "[a]s the state failed to raise the

issue of a presentence investigation report to the trial court below, it has waived the error for purposes of appeal."

The cause is now before this court upon the allowance of a motion for leave to appeal.

Gregory A. White, Prosecuting Attorney, and Jonathan E. Rosenbaum, Assistant Prosecuting Attorney, for appellant.

Bradley & Giardini Co., L.P.A., and Jack W. Bradley, for appellee.

A. William Sweeney, J.    The dispositive issue in this appeal is whether the requirement of former R.C. 2951.03, that a trial court consider a written presentence investigation report before granting shock probation, is jurisdictional.  For the reasons that follow, we hold that such a written report is a necessary condition precedent before a trial court can grant such probation, and, therefore, we reverse the judgment of the court of appeals below and remand the cause to the trial court.

R.C. 2947.061,1 which is generally referred to as the "shock probation" statute, see State ex rel. Corrigan v. Court of Common Pleas (1976), 45 Ohio St.2d 187, 74 O.O.2d 300, 343 N.E.2d 94, initially sets forth in subdivision (A) that it is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code ***."

Former R.C. 2951.03 (now R.C. 2951.03[A]) provided in relevant part:

"No person who has pleaded to or has been convicted of a felony shall be placed on probation until a written presentence investigation report by a probation officer has been considered by the court.  ***"2

Defendant argues that the only thing necessary to invoke the trial court's jurisdiction under R.C. 2947.061 is the proper filing of a motion no earlier than thirty days and no later than sixty days after defendant has been delivered into the custody of the institution where he is to serve his sentence.  We disagree.

In our view, R.C. 2947.061 contemplates more than the mere filing of a motion for shock probation in order to invoke the trial court's jurisdiction to rule on the matter.  As mentioned above, R.C. 2947.061(A) specifically states that it is "[s]ubject to sections 2951.02 to 2951.09 of the Revised Code ***."

R.C. 2947.061(A), indisputably applies R.C. 2951.03 to a motion for shock probation.  The plain import of the language of R.C. 2951.03 is clear and unmistakable, and mandates that the trial court consider the written presentence investigation report prior to granting an R.C. 2947.061 motion for probation.  As held in the first paragraph of the syllabus in State v. Smith (1989), 42 Ohio St.3d 60, 537 N.E. 2d 198:

"The courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute. (Municipal Court v. State ex rel. Platter [1933], 126 Ohio St. 103, 184 N.E. 1, paragraph three of the syllabus, approved and followed.)"

Here, the trial court granted defendant's motion for shock probation at the same time it ordered a written "post-sentence"

investigation report.  Clearly, this was not the procedure envisioned by the General Assembly in its enactment of R.C. 2947.061 and 2951.03.  The statutory scheme contemplates and mandates that the trial court consider a written presentence investigation report before ruling upon any motion for shock probation.

We believe that the necessity of such a written investigation report prior to any ruling made on a motion for shock probation is manifest.  Such a written report reveals, inter alia, a defendant's background and the presence of any prior criminal convictions that may not have been brought out in the trial that led to defendant's conviction and sentence. In this way, the trial court can more effectively weigh the merits of defendant's motion in a manner that is fair to all parties concerned.

Accordingly, we hold that a trial court is without jurisdiction to rule on a motion for shock probation brought pursuant to R.C. 2947.061, unless and until a written investigation report has been considered by the court pursuant to the mandate of former R.C. 2951.03.

Therefore, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Judgment reversed
and cause remanded.

Moyer, C.J., Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE:
1  R.C. 2947.061(A) provides in pertinent part:
"Subject to sections 2951.02 to 2951.09 of the Revised Code, the trial court may, upon motion of the defendant made no earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution in which he is to begin serving his sentence, or upon the court's own motion during the same thirty-day period, suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced.

"The court shall hear any such motion within sixty days after the filing date thereof and shall enter its ruling thereon within ten days thereafter.***"

While it appears that defendant's motion for shock probation was made "earlier than thirty days *** after the defendant *** [was] delivered into the custody of the keeper of the institution in which he is to begin serving his sentence," the trial court's ruling on the motion did not constistute reversible error, since the trial court (assuming, arguendo, that it had jurisdiction to proceed) did not rule on the motion until after defendant had served at least thirty days of his sentence.

2  While the report referred to in this provision is in actuality a "post-sentence" report, we find that the nomenclature used by the General Assembly is wholly irrelevant to the issue before us.