**The STATE of Ohio, Appellee,**

v.

**TIJERINA, Appellant.**

[Cite as *State v. Tijerina* (1994), 99 Ohio App.3d 7.]

Court of Appeals of Ohio,
Defiance County.

No. 4-94-5.

Decided Nov. 30, 1994.

*Daniel R. Gerschutz*, Defiance County Prosecuting Attorney, for appellee.

*Joseph Loeffler*, for appellant.

---

EVANS, Judge.

Ronald Tijerina appeals from an order of the Court of Common Pleas of Defiance County denying his motion for a new trial based on newly discovered

evidence. For the reasons that follow, the judgment of the common pleas court is affirmed.

## I

On September 17, 1991, a jury convicted Ronald Tijerina ("appellant") of one count of rape, an aggravated felony of the first degree, nine counts of sexual battery, felonies of the third degree, and nine counts of corruption of a minor, felonies of the third degree. The victim of these crimes, Daniel Mohr, is the appellant's brother-in-law. At trial, Mohr testified that the appellant forced him to engage in anal sex. The appellant is currently serving an indeterminate term of eight to twenty-five years on the rape count, the focus of the appellant's current appeal. We affirmed the judgment of the trial court in *State v. Tijerina* (Sept. 30, 1992), Defiance App. No. 4–91–27, unreported, 1992 WL 292407.

During the appellant's September 1991 trial, Mohr testified that he and the appellant engaged in anal intercourse approximately thirty-seven times. Of those thirty-seven episodes, Mohr testified that only one involved force. During the appellant's trial, an expert witness who examined Mohr testified that Mohr exhibited physical symptoms of repeated anal intercourse. Other circumstantial evidence corroborated Mohr's trial testimony.

On August 11, 1993, Mohr drafted a letter to his sister recanting his trial testimony that the appellant had raped him.[1] On August 13, 1993, Mohr signed an affidavit, swearing that the appellant "at no time * * * forced me to engage in sexual contact," and that the appellant "never engaged in anal intercourse with me." On August 23, 1993, Mohr audiotaped a discussion with the appellant's attorney, in which he explained his reasons for lying while testifying at the appellant's trial, and his decision to recant that testimony. In the taped exchange with the appellant's attorney, Mohr portrayed himself as a confused youth who labored under the influence of alcohol and drugs during the appellant's trial. Mohr described his trial testimony implicating the appellant as a means to repair the uneasy relationship between him and his parents, indicating that his parents did not care for the appellant. Mohr claims that he is currently in a drug treatment program, and his new testimony is unencumbered by the influence of alcohol or drugs.

---

1. The note reads as follows: "Cathy, I can not lie any longer[.] I want you to have your life back[.] Almost everything I said in court about Ron [the appellant] was true except he did not rape me in the garage or any ware [*sic* ][.] Please forgive me[.] I got wrapped up in it[.] Yes[,] me and Ron got messed up and did things[,] but he did not totally force me to[.] The boys need a father and discipline[.] Maybe this note will make it sooner[.] I wanted to tell you for so long but could not[.] I love you[.] /s/ Dan."

On September 7, 1993, the appellant, pursuant to Crim.R. 33(B) [2] moved for a new trial based on newly discovered evidence. The trial court ruled that the appellant established by clear and convincing evidence that he was unavoidably prevented from the discovery of the alleged victim's recantation of his trial testimony within the one-hundred-twenty-day window provided by Crim.R. 33. On December 17, 1993, the trial court conducted a hearing on the appellant's motion for a new trial. At the hearing, Mohr testified that the appellant did not rape him, that his prior trial testimony was untrue on the issue of force, and that he and the appellant never engaged in anal intercourse. By entry dated February 23, 1994, the trial court denied the appellant's motion.

In denying the appellant's motion for a new trial, the trial court scrutinized the differences between Mohr's August 11 letter recanting his trial testimony and his August 13 sworn affidavit recanting his trial testimony, and found the former more credible. In the letter, Mohr claimed that the appellant didn't "totally force me to" engage in anal intercourse, while in the affidavit Mohr swore that "Ronald Tijerina at no time has forced me to engage in sexual contact * * *." The trial court concluded that Mohr's August 11 letter did not recant the issue of force, because Mohr indicated that the appellant did not "totally force me" to engage in anal sex. The trial court found the distinction between the letter and the affidavit significant, because Mohr's August 13 affidavit was prepared by the appellant's attorney, who would grasp the importance of forced sex versus consensual sex in connection with a rape charge. Consequently, the trial court determined that Mohr's original recantation, as expressed in the August 11 letter, did not, in fact, retract his prior testimony.

The trial court also found Mohr's original trial testimony more credible than his current testimony. The trial court observed that the motives Mohr expressed for his change in testimony shifted three times. First, in his letter to his sister, Mohr recanted his testimony because of the remorse he felt over the length of the appellant's incarceration. Then, in his affidavit, Mohr attributed his change in testimony to a "misguided sense of loyalty and love for my family." Finally, during the December 17 hearing, Mohr claimed he changed his testimony because he did not want people to think that he was "a fag."

Mohr testified at the December 17 hearing that on the eve of that hearing, he contacted the prosecutor and retracted his recantation, telling the prosecutor that

---

**2.** Crim.R. 33(B) provides: " * * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

his trial testimony was true and accurate. The trial court found that the retraction of the recantation raised an inference that Mohr changed his testimony for the benefit of his sister, not because of the falsity of his prior testimony.

Based on these findings, the trial court denied the appellant's motion for a new trial. From this order the appellant brings this appeal.

## II

The appellant asserts one assignment of error for our review:

"The trial court erred to Appellant's prejudice in overruling Appellant's motion for a new trial based on newly discovered evidence."

 Crim.R. 33 allows a trial court to entertain a motion for a new trial, and "[t]he allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed." *State v. Hill* (1992), 64 Ohio St.3d 313, 333, 595 N.E.2d 884, 900, citing *State v. Williams* (1975), 43 Ohio St.2d 88, 72 O.O.2d 49, 330 N.E.2d 891, paragraph two of the syllabus. See, also, *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus ("A motion for new trial pursuant to Crim.R. 33[B] is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion."). An abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." *State ex rel. Commercial Lovelace Motor Freight v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290.

██ With these standards in mind, we turn to the appellant's contention that the trial court abused its discretion in denying the appellant's request for a new trial. In *State v. Petro* (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E.2d 370, syllabus, the Ohio Supreme Court held that to grant a new trial based on newly discovered evidence, it must be shown that the new evidence:

"(1) discloses a strong possibility that it will change the result if a new trial is granted, (2) * * * has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) * * * is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

The trial court found that the appellant failed to satisfy the first prong of the test enunciated in *Petro*. Specifically, the appellant failed to demonstrate that the newly discovered evidence discloses a strong possibility that it will change the result if a new trial is granted. The appellant contends that Mohr's alcohol and drug use during the time of the original trial detracts from the credibility of that

**12**

testimony, while his recent sobriety enhances the credibility of his current testimony. The record demonstrates that the trial court considered Mohr's history of drug and alcohol abuse in rendering its decision, and viewed Mohr's initial trial testimony as credible and true, and dismissed the recanting testimony as false. The trial court chose not to believe Mohr's letter and affidavit based upon his testimony at the hearing on the motion for a new trial. That hearing adduced full and complete testimony upon which the trial court reached its conclusion. From the record, we conclude that the trial court did not abuse its discretion in finding that Mohr's recantation, alone, would not likely have affected the outcome of a new trial, should one be granted.

Accordingly, the appellant's sole assignment of error is overruled.

### III

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW, P.J., and HADLEY, J., concur.