OPINION
This appeal is brought by the State of Ohio from the judgment of the Court of Common Pleas, Defiance County, ordering Appellee Ronald Tijerina to be released on super shock probation pursuant to the former R.C.2947.061(B).
On September 17, 1991 a jury convicted Ronald Tijerina of one count of rape, an aggravated felony of the first degree, nine counts of sexual battery, felonies of the third degree, and nine counts of corruption of a minor, felonies of the third degree. Tijerina was sentenced to an indeterminate term of eight to twenty-five years incarceration. This court affirmed the conviction in State v. Tijerina (Sept. 30, 1992), Defiance App. No. 4-91-27.
Thereafter, on September 7, 1993, Tijerina moved for a new trial pursuant to Crim.R. 33 based on newly obtained evidence. The trial court overruled the motion and this court affirmed the trial court's decision in State v. Tijerina (1994), 99 Ohio App.3d 7, 649 N.E.2d 1256. On August 6, 1996 Tijerina filed a petition for post-conviction relief claiming ineffective assistance of counsel, exculpatory evidence and prosecutorial misconduct. The trial court denied the petition and once again, this court affirmed the trial court's decision in State v.Tijerina (Dec. 5, 1997), Defiance App. No. 4-97-16.
On August 21, 2001, Tijerina filed a motion and request for modification of sentence in the Defiance County Court of Common Pleas. In his memorandum in support, Tijerina conceded that he was not a candidate for shock probation due to the sexual nature of his conviction. Nevertheless, Tijerina asked the court to modify his sentence in the interests of justice. A hearing was held on the matter whereby Tijerina's defense counsel asked the trial court to treat the request as a "super shock" motion and release Mr. Tijerina. In response, the State argued that the trial court did not have jurisdiction to grant the relief requested. Nevertheless, the trial court granted Tijerina's motion, stating that he had served a sufficient time for the offense, that he was unlikely to reoffend, and that the purpose of the sentencing laws had been met. The trial court ordered that Tijerina be released and placed on probation. It is from this order that the State of Ohio now appeals.
Appellant raises the following assignment of error:
 "The Trial Court erred as a matter of law when it granted Defendant-Appellee, serving a sentence for the offense of Rape, shock probation in violation of Ohio Revised Code Section 2927.061(B) and Ohio Revised Code Section 2951.02(F)(4)."
In its sole assignment of error, Appellant argues that the trial court acted without jurisdiction when it granted Appellee's request for release. Appellee concedes that the trial court lacked jurisdiction to release him, but asks this court to sanction the error in the interests of justice. For the following reasons we vacate the judgment of the trial court and order that the Appellee be remanded to the custody of the Ohio Department of Corrections.
Prior to the sweeping changes made to Ohio's felony sentencing laws in 1996 under Senate Bill 2, the former R.C. 2947.061 provided for the consideration of probation for certain aggravated felonies after six months incarceration. This "shock probation" existed as a form of what we now refer to as early judicial release. State v. McConnel (Jan. 22, 2001), Union App. No. 14-2000-34; citing Griffin Katz, Ohio FelonySentencing Law (2000), 460, Section 4.25.1. However, the statute expressly incorporated and subjected itself to the provisions of R.C.2951.02 to 2951.09. R.C. 2951.02(F)(4) expressly prohibited placing on probation an offender who violates R.C. 2907.02 (Rape) or R.C. 2907.12
(Felonious Sexual Penetration). Therefore, due to the nature of his convictions, Appellee is not eligible for "shock probation" under the former R.C. 2947.061.
Courts of common pleas "do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." State v. Smith (1989),42 Ohio St.3d 60, 61, 537 N.E.2d 198; citing MunicipalCourt v. State, ex rel. Platter (1933), 126 Ohio St. 103,184 N.E. 1, paragraph three of the syllabus. It is the function and duty of a court to apply the law as written and occasionally construe statutes, but not to defeat them. State v. Brock (1996),110 Ohio App.3d 656, 666, 675 N.E.2d 18. Therefore, a judgment rendered by a court lacking subject matter jurisdiction is void abinitio and the authority to vacate a void judgment constitutes an inherent power possessed by Ohio courts. Patton v. Diemer (1988),35 Ohio St.3d 68, 70, 518 N.E.2d 941.
In the case at bar, the trial court ordered the suspension of Appellee's lawfully rendered sentence where it had no statutory authority to do so. Therefore, the trial court's order is void. Appellee does not dispute this, but instead insists that we affirm the trial court's decision to the extent that the trial court had the power to "seek and administer justice."
Justice is served by the consistent and methodical application of the law. Appellee had the benefit of a fair trial which was reviewed thoroughly by this court on appeal. In addition, Appellee's motion for new trial and petition for post conviction relief were considered by the lower court and this court and both were overruled. Consequently, we will not for the fourth time entertain an argument by the appellee that he is innocent. Notably, the court below did not reach it's decision based on some notion of undoing a grave injustice. Rather, the court went out of its way to point out that Tijerina was properly convicted and sentenced. The court based its decision on the determination that the Appellee had served enough time, was unlikely to reoffend, and that the purpose of the sentencing laws had been achieved. And while the trial court's reasons for releasing Tijerina may be appealing, they do not have the weight of the law. Accordingly, Appellant's assignment of error is well taken.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Defiance County be VACATED and the Appellee, Ronald Tijerina, be remanded to the custody of the Ohio Department of Corrections to serve the remainder of his sentence.
Judgment vacated and cause remanded.
SHAW, P.J., and HADLEY, J., concur.