{¶ 24} I concur with the majority's decision to reverse the second judgment entry of Harvey's sentencing. Within the plain language of R.C. 2949.06, the trial court had no *Page 8 
authority to set aside Harvey's first sentence and conduct another sentencing hearing. I write separately to more fully explicate the logic behind this decision.
 {¶ 25} The majority decision does not account for the 1996 revision to the definition of "detention." Until 1996, the definition of "detention" expressly excluded the supervision and restraint incidental to probation, parole, and release on bail. If that were still the case, resolution of this appeal would be simple: If "detention" expressly exempted persons on bail, then Harvey could not have been under "detention" and could not have "escaped." The issue, then, becomes one of law and statutory interpretation: Since the definition of "detention" no longer expressly excludes persons released on bail, does it now encompass persons released on bail?
 {¶ 26} Recently, in State v. Chappell, 149 Ohio Misc.2d 80,2008-Ohio-6416, Judge Wolaver of the Green County Court of Common Pleas considered a similar question, regarding whether a defendant who was on probation could "escape" during a drug test. In an extremely well-written and well-reasoned opinion, he concluded that the amended R.C. 2921.01's silence on probationers rendered the definition of "detention" ambiguous as applied to probations. Resorting to the legislative history and the established rule of statutory construction that "to express or include one thing implies the exclusion of the other," he concluded that the statute's silence on probationers meant that they were not included. The reasoning is particularly pertinent and worthy of extended repetition here: *Page 9 
 {¶ 27} "The many amendments to the definition of detention' show that the General Assembly is capable of being precise in enumerating conditions from which an `escape' is possible. That the General Assembly deleted the express exclusion from `detention' is not a clear indication that it intended probationers to be encompassed within it. The legislature could have been explicit in including probationers. The General Assembly certainly was with regard to the other recent additions to `detention.'
 {¶ 28} "The canon expressio unius est exclusio alterius tells us that when the legislature failed to be explicit in including probationers, its silence excluded them. The legislative history available to the court in the form of the L.S.C.'s analysis is not clear that probationers were to be included. The bill analysis merely states that the exclusion was being deleted. As the court observed above, the inference could be made that the General Assembly intended to apply the escape statute to probationers. But the legislative history is not strong enough here to overcome the presumptions in favor of defendants mandated by the rule of lenity." Chappell, 2008-Ohio-6416, ¶ 44-45.
 {¶ 29} Chappell's solid logic and interpretation of R.C. 2921.01 with respect to whether probationers are under "detention" applies here. The General Assembly eliminated the exclusion of persons under "supervision and restraint incidental to * * * release on bail" from the definition of detention. Thus, had the General Assembly meant to include persons on bail within the definition, it could have expressly done so, by including that condition in R.C. 2921.01's list. *Page 10 
 {¶ 30} Also, a separate, independent basis supports reversal here. The majority's decision neglects to address the reason why the trial court erred in the first place. Simply, R.C. 2949.06 does not apply to Harvey because in felony cases, a court may not let a defendant out on bail after sentencing without a written notice of intent to appeal. Error occurred here because the trial court was without authority to allow Harvey bail after sentencing, and then condition his sentence on his timely later arrival at the jail.
 {¶ 31} In State v. Smith (1989), 42 Ohio St.3d 60, 61, the Supreme Court held that "courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute. (Municipal Court v. State, exrel. Platter (1933), 126 Ohio St. 103, paragraph three of the syllabus, approved and followed.)" Id. at paragraph one of the syllabus. "[C]ourts of common pleas `do not have the inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute.' Municipal Court v. State, ex rel. Platter
(1933), 126 Ohio St. 103, paragraph three of the syllabus. AccordState, ex rel. Gordon, v. Zangerle (1940), 136 Ohio St. 371, paragraph six of the syllabus; see, also, Lakewood v. Davies (1987),35 Ohio App.3d 107; State, ex rel. Dallman, v. Court of Common Pleas (1972),32 Ohio App.2d 102. Moreover, because suspension of sentence is a special statutory procedure, the statutory authority for such suspension must be specific in its terms and must also be strictly construed. State, exrel. Dallman, v. Court of Common Pleas, supra, paragraph one of the syllabus; State v. Ellington (1987), 36 Ohio App.3d 76, 77." *Page 11 
 {¶ 32} The right to bail after sentencing in felony cases exists by virtue of R.C. 2953.09, App. R. 8, and Crim. R. 46. R.C. 2953.09(A)(2)(a) provides that a court may grant bail pending appeal consistent with App. R. 8 and Crim. R. 46. "App. R. 8(A) specifies that the `discretionary right of the trial court or the court of appeals to admit a defendant in a criminal action to bail and to suspend the execution of his sentence during the pendency of his appeal is as prescribed by law.'" State exrel. Pirman v. Money (1994), 69 Ohio St.3d 591, 594-595. See alsoColeman v. McGettrick (1965), 2 Ohio St.2d 177 (holding that R.C. 2949.02, 2953.09, and 2953.10 made granting of bail discretionary and must be conditioned upon filing appeal or notice of intent to fileappeal).
 {¶ 33} Crim. R. 46(A) provides that "all persons entitled to release" are entitled to bail. However, Crim. R. 46(H) provides for the continuation of bonds, and states:
 {¶ 34} "(H) Continuation of bonds. Unless otherwise ordered by the court pursuant to division (E) of this rule, or if application is made by the surety for discharge, the same bond shall continue until the return of a verdict or the acceptance of a guilty plea. In the discretion of the court, the same bond may also continue pendingsentence or disposition of the case on review. Any provision of a bond or similar instrument that is contrary to this rule is void." (Emphasis added.)
 {¶ 35} The purpose of bail is to secure the appearance of an accused at scheduled proceedings in the case. After conviction, the inclination to escape is vastly increased. Ex parte Halsey (1931), 124 Ohio St. 318,320. Halsey applied State v. Clark (1846), *Page 12 15 Ohio 595, for the proposition that there is no right to bail after imposition of sentence if the execution of sentence has been stayeddue to appeal. The Ohio Constitution only guarantees the right to bail before conviction. State v. Cole (1941), 39 N.E. 2d 176, quoting Exparte Halsey, supra. After conviction, a court's authority to admit a defendant to bail depends upon legislative grants of authority. In reThorpe, 132 Ohio St. 119, first, second and fourth paragraphs of the syllabus.
 {¶ 36} Other statutes governing bail and when it may be given support our conclusion that bail may not be given post-sentence absent a written notice of intent to appeal pursuant to R.C. 2949.02. R.C. 2937.22
defines bail as "security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a casemay be continued, and not depart without leave." After sentencing, the case is over and is no longer continued — except if an appeal is filed and the conditions for continuing a bond pending appeal in R.C. 2949.02
are met. R.C. 2937.99, enumerating the penalties for a person let to bail on his own recognizance who fails to appear, provides for punishment in felony cases "if the release was in connection with a charge of the commission of a felony or pending appeal after convictionof a felony * * *."
 {¶ 37} R.C. 2949.05 provides: "If no appeal is filed, if leave to file an appeal or certification of a case is denied, if the judgment of the trial court is affirmed on appeal, or if post-conviction relief under section 2953.21 of the Revised Code is denied, the trial court or magistrate shall carry into execution the sentence or judgment which had been *Page 13 
pronounced against the defendant." R.C. 2949.05 thus requires a trial court to "carry into execution the sentence or judgment" if no appeal is filed.
 {¶ 38} There is a clear distinction between the entirely separate concepts of the imposition of sentence and the execution of sentence.State v. Garretson (2000), 140 Ohio App.3d 554. "Authority to stay the execution of a sentence once imposed is as set forth in R.C. 2949.02 and2949.03 * * *. [W]here the defendant fails to perfect an appeal from his conviction, R.C. 2949.05 provides that the trial court shall carry into execution the sentence or judgment which has been pronounced against the defendant. Thus, absent an appeal on behalf of the defendant, there is no authority by which the trial court may suspend the execution of sentence, State v. Parks (1941), 67 Ohio App. 96 * * *." State v.Kraguljac (1988), 39 Ohio App.3d 167, 168.
 {¶ 39} These rules, then, prohibit continuing bond as Judge Binette did-extending the bond after sentence, without notice of intent to appeal, and without the required conditions. Trial courts have no authority to grant felony defendants bond after sentencing without a stay of execution of sentence pending appeal. The rules governing bail and R.C. 2949.05 prohibited Judge Binette from granting Harvey bond, delaying the execution of Harvey's sentence, and conditioning the sentence on Harvey's timely arrival at the county jail. Since he had no authority to condition Harvey's sentence in this manner, the condition that Harvey report at a later date to commence his sentence is void. Since the condition is void, Harvey could not have "escaped" and the trial court had no authority to set aside the sentence pursuant to R.C. 2949.06. *Page 14 
 {¶ 40} Most importantly, this matter touches upon the expanded definitions of "escape" — which is what allowed the trial court to use R.C. 2949.06 in this manner. "In common parlance, and in common sense, a charge of `escape' conjures up a jailbreak * * *. Escape is generally a major felony." Chappell, 2008-Ohio-6416, ¶ 39, citing State v.Hagans (Oct. 13, 1999), 1st Dist. No. B-9806082 (Painter, concurring). The history of R.C. 2949.06 demonstrates that its use was intended to be limited to the common sense meaning of "escape," not the "greatly enlarged" definition of escape. Id.
 {¶ 41} The oldest ancestor of R.C. 2949.06 which I located is found in Swan Critchfield, 1189. On March 27, 1841, the legislature passed "An Act to amend the act entitled `An Act to Allow Writs of Error in Criminal Cases,' passed March 7, 1831." Section 1189, S C, provided, in relevant part only, with emphasis added:
 {¶ 42} "Sec. IV. That it shall be the duty of the court, when any person shall be convicted of a capital crime or offense, or a crime or offense the punishment whereof is imprisonment in the penitentiary, toorder the person so convicted into the custody of the sheriff to beimprisoned in the jail of the county until legally discharged; and ifany person so convicted shall escape, the clerk of the court, on application of the prosecuting attorney, shall issue a capias, reciting such conviction, and commanding the sheriff of the county to pursue after such person into any county in the state, and said sheriff shalltake such person and commit him to the jail of the county, there toremain until legally discharged." *Page 15 
 {¶ 43} Originally, defendants convicted of a felony could receive a stay of execution of sentence if the defendant intended to appeal the conviction and sentence. If the defendant was granted a stay of execution pending appeal, it meant only that the defendant was not yet conveyed to the penitentiary to begin the incarceration portion of the sentence. Until then, the defendant was to be kept in the jail of the county where they were convicted. The provision did not, originally, provide for bail to allow the person out of jail during the stay of execution of sentence pending appeal. See State v. Clark (1846),15 Ohio 595. "Escape," then, referred to the defendant escaping from detention in the county jail.
 {¶ 44} When enacting the Revised Statutes, all of Swan Critchfield, 1189, was split up into different sections, encompassing Rev. Stats. 7321 through 7325, titled "Execution of Sentence Suspended." These sections were contained in Chapter 7 of the Revised Statutes, "Verdict, and Judgment and Proceedings Thereon."
 {¶ 45} "Sec. 7321: [When and for how long execution of sentence may besuspended.] When a person has been convicted of an offense, and gives notice to the court of his intention to file, or apply for leave to file, a petition in error, the court may on his application, suspend execution of the sentence or judgment against him until the next term of the court, or for such period, not beyond the session, as will give him a reasonable time to apply for such leave; * * * but in no such case shall sentence be suspended more than thirty days."
 {¶ 46} "[Sec. 7322: Requires recognizance in misdemeanor cases] *Page 16 
 {¶ 47} "Sec. 7323. [When writ not allowed.] If execution of sentence be not suspended by the next term of the court after the sentence was pronounced, the court shall, at such term, carry the same into execution.
 {¶ 48} "Sec. 7324. [When judgment is affirmed.] If a petition in error be filed, and execution suspended, and on the hearing the judgment of the court in which the trial was had be affirmed, such court shall carry into execution the sentence pronounced against the defendant at the next term after the judgment of affirmance is rendered.
 {¶ 49} "Sec. 7325. [Imprisonment, recapture, etc.] When a person is sentenced for a felony, and execution of the sentence is suspended, thecourt shall order him into the custody of the sheriff to be imprisoneduntil the case is disposed of if such person, or any person aftersentence and before confinement in the penitentiary, escape, the clerk of the court, on application of the prosecuting attorney, shall issue a warrant, stating such conviction and sentence, commanding the sheriff to pursue such person into any county in the state, and the sheriff shall take such person, and make return thereof to the court in which the sentence was passed, if in session, and, if not in session, the sheriff shall again commit him to the jail of the county, and make return thereof, and bring him before the court at the next session thereof; thereupon the court shall set aside the former sentence, and again pronounce the judgment of the law upon the verdict, which shall be carried into execution as provided in section seventy-three hundred and thirty of this chapter; and if any convict escape from the penitentiary, or reform school for boys, no part of the time *Page 17 
such convict is absent shall be counted as part of the time for which such convict was sentenced."
 {¶ 50} Rev. Stats. 7321-7325 show that defendants convicted of a felony could have execution of their sentences suspended — which merely meant that they were to be kept in the jail of the county where they were convicted and not yet conveyed to the penitentiary. Likewise, Rev. State. 7362, enacted in 1888, provided for bail during suspension of execution of sentence only after suspension is granted by the reviewing court.
 {¶ 51} In Scio v. Hollis, et. al. (1900), 10 Ohio Dec. 99, in an action on a criminal bond given after conviction and after sentence, the court held that Rev. Stats. 7321 and 7322 gave power to the court of common pleas to suspend execution of sentence. Importantly, it held that courts of common pleas had the power only to give bail conditioned on prosecuting an appeal.
 {¶ 52} In State v. D. W. Baker (1905), 16 Ohio Dec. 326, the Lorain County Court of Common Pleas considered, inter alia, Rev. Stat. 7325, in determining whether it had authority to allow the defendant, convicted of a felony and also sentenced, to bail after his conviction and sentence but pending appeal. It concluded that the law preceding Rev. Stat. 7325 required the defendant to be confined in jail during the temporary suspension of his sentence for the purpose of appeal. The only exception was contained in Rev. Stat. 7362, which allowed the appellate court, upon receiving the notice of appeal, to further stay execution of the sentence if it determined that probable error in the trial warranted it. *Page 18 
Only after the appellate court determined that there was probable cause to warrant a further stay did the trial court have the authority to let bail pending appeal.
 {¶ 53} So, the procedures for allowing bail for a person convicted and sentenced differed from the procedures allowed for persons only convicted but not yet sentenced. Defendants convicted of a felony who were sentenced to the penitentiary were only entitled to a stay of execution during which they were confined in jail. It was during this confinement that Rev. State. 7325 contemplated escape.
 {¶ 54} In 1915, the Revised Statutes above were repealed and became the General Code. Rev. Stat. 7325 became General Codes §§ 13702, 13703, which provided:
 {¶ 55} § 13703: "Recapture after escape. When a person is sentenced for a felony and execution of such sentence is suspended, the court shall order him into the custody of the sheriff to be imprisoned until the case is disposed of. If a person escape after sentence and before confinement in the penitentiary, the clerk of the court, on application of the prosecuting attorney, shall issue a warrant stating such conviction and sentence, and commanding the sheriff to pursue such person into any county in the state.
 {¶ 56} § 13704: "Duty of court and sheriff. The sheriff shall take the person so escaping, and make return thereof to the court in which the sentence was passed, if in session, and, if not in session, he shall again commit him to the jail of the county, make return thereof, and bring him before such court at the next session thereof. The court shall set aside the former sentence and again pronounce the judgment of the law upon the verdict, which shall be carried into execution as provided in this chapter." *Page 19 
 {¶ 57} Still, this predecessor to R.C. 2949.06 clearly contemplated that the "escape" which would allow resentencing was an escape which occurred during the time the convicted defendant was in the jail of the county because the execution of his sentence — confinement in the penitentiary — was suspended pending his appeal. See Stevens v.State (1927), 26 Ohio App. 53.
 {¶ 58} Subsequently, Gen. Code §§ 13703-13704 were again combined and revised. They were placed into Gen. Code. § 13453-5. Together, G.C. § 13453-1 through G.C. § 13453-8 governed suspensions of executions of sentences. The predecessor to R.C. 2949.06 provided:
 {¶ 59} "Sec. 13453-5: Recapture after escape. If a person escape after sentence and before confinement in the penitentiary, or jail as the case may be, the clerk upon application of the prosecuting attorney, or by order of the court, shall issue a warrant stating such conviction and sentence, and commanding the sheriff to pursue such person into any county of the state. It shall be the duty of the sheriff to take the person so escaping, and make return of such warrant to the court, if in session, and if not in session, he shall commit the accused to the jail of the county and bring him before such court at the next session thereof. The court shall set aside the former sentence and again pronounce judgment upon the verdict which shall be carried into execution as provided in this chapter."
 {¶ 60} Examining G.C. § 13453-1, the Supreme Court in Municipal Courtv. State, ex rel. Platter (1933), 126 Ohio St.103, held that the only purpose of suspending *Page 20 
execution of sentence was to allow a person convicted of a bailable offense to "institute error proceedings" (i.e., appeal). And, G.C. § 13453-4 provided that if no appeal was filed, then "the sentence which has been pronounced upon the accused shall be carried into execution."
 {¶ 61} R.C. 2949.06 is a historical remnant — a vestigial appendage — of a time where, after a defendant convicted of a felony was sentenced and filed a written notice of intent to appeal, a stay of execution of sentence for the purpose of filing an appeal did not mean that the defendant was eligible for bail. Rather, in "penitentiary" cases, execution of sentence meant transfer from the county jail to the penitentiary. So, a stay pending appeal only entitled the defendant to be kept in the county jail during the appellate proceedings. These rules pre-dated R.C. 2949.02, Crim. R. 46 and App. R. 8 — which, together, now allow felony defendants to be let to bail only after they file a written notice of intent to appeal and request a stay of execution of sentence.
 {¶ 62} Therefore, the term "escape" contemplated by R.C. 2949.06, which occurs after sentence and before confinement, was intended to encompass only the "conventional" meaning of "escape."Chappell, 2008-Ohio-6416, ¶ 37-38. This would encompass those categories of "detention" involving the "temporary detention facility of the judicial branch," or "detention" while in transit. *Page 1